Bernard *v.* Mullot.

# BERNARD *vs.* MULLOT and others.

To entitle a defendant to set off a claim against the demand of the plaintiff, he must set forth in his answer the nature of the claim which he intends to set off—and where this was not done; *Held*, that the court below properly rejected evidence of the claim proposed to be set off.

APPEAL from the district court of the fourth judicial district, where judgment was rendered in favor of the plaintiff. The cause was tried before the district judge without a jury. At the trial the defendants proposed to give evidence of a certain demand which they claimed to have against the plaintiff, as a set-off, or by way of reducing the amount of the plaintiff's recovery. This evidence was objected to on the ground that there was no allegation in the answer setting up such a claim, and the district judge refused to allow the set-off upon this ground, and gave judgment in favor of the plaintiff, from which the defendants appeal.

*By the Court*, HASTINGS, Ch. J. The respondent brought his action to recover the sum of $810 for services rendered by him as a clerk in the employ of the defendants. The correctness of the demand was admitted subject to a set-off of cash advanced which was allowed by the court. The defendants also claimed as an additional set-off, the balance due on certain promissory notes placed in the hands of the respondent, as their clerk, for collection, which exceeded plaintiff's demand.

The court rejected the balance claimed and rendered judgment for the plaintiff; and the only question is, whether there was error in refusing to allow the same.

The defendants' off-set should be as distinctly stated as the plaintiff's demand; this is required by the statute. In this case no accurate description of the notes was given in the answer. A recovery could not be had on the notes thus described, because the judgment would not be a bar to another action on the

same notes.   The notes were given to the plaintiff as a clerk, and as such he is liable only in two events, viz. : 1st. If he has collected and refuses to pay the same ; 2d. If not having collected the money, he has converted the notes and refuses to account for the same.

There is no averment in the answer of a conversion nor of the collection of the money.   And for aught that appears in the answer or testimony the plaintiff was willing to account for the notes when called upon.

We think clearly there is no error in the judgment of the court, and it is therefore affirmed with costs.