## HICKS v. GREEN.

Under a plea of the general issue, evidence of a counter-claim is not admissible, but should be especially plead.

APPEAL from the District Court of the Twelfth Judicial District, County of San Francisco.

This is an action of replevin, to recover household furniture.

The facts are as follows: Defendant, Green, on the fifteenth day of June, 1855, executed and delivered to the plaintiff an absolute bill of sale of certain household furniture, of the value of $500. The property, at the time of the execution of the bill of sale, was not delivered, but permitted to remain in a house occupied by Green, he exercising acts of ownership over the same.

The property was still in the possession of Green at the commencement of this suit.    Prior to the commencement of the action, plaintiff demanded of defendant the possession of the property, which he refused to surrender, and still holds.

The defendants answer, general issue.

On the trial, it was admitted by plaintiff, that the defendant could prove the following facts : first, the bill of sale from Green to Hicks was intended to secure a debt due by Green to Hicks; second, that Hicks boarded at the house of Green for the period of six months after the said bill of sale was made; third, that said board was worth the sum of seven hundred dollars, but the plaintiff objected to competency of such evidence, as a defence to this action.    Plaintiff had judgment for the possession of said property.    Defendants appealed.

*Brooks* for Appellant.

The decision of the Court below turned entirely on the point, that our defence was an equitable one, and that it could not be interposed in an action at law.

This Court has so fully decided this point in the case, Thayer v. White, 3 Cal., 228, and subsequent cases, that it is superfluous to discuss the same.

*Robert F. Morrison* for Respondent.

The defence sought to be established in this case did not grow out of the same transaction, but was a separate and independent matter, consequently it could not be set up, under the answer of general issue as an equitable defence.

The defendant should have set up in his answer the fact that he had a counter-claim.    His answer is a general denial, and under it, he asserts the right to introduce new matter.

To allow such evidence, would be to defeat the intention of the Legislature.    Prac. Act, 46.    And it would also be contrary to the decisions of this Court in Thayer v. White, 3 Cal., 229 ; Smith v. Rowe, 4 Cal., 6.

Terry, C. J., delivered the opinion of the Court—Burnett, J., concurring.

The findings of the Court, which are supported by the evidence, fully establish the plaintiff's right to recover.    The defence sought to be established by the appellant was in the nature of a counter-claim, and should have been specially pleaded.    The evidence offered was not admissible under the general issue.

Judgment affirmed.