## BUCKINGHAM *v.* WATERS.

PLAINTIFF having bought certain horses of defendant, as also the "good will" of a mercantile house in the matter of drayage, cannot sue to recover back the purchase money paid, on the ground that such "good will" is not vendible.

The common counts cannot all be united in one count as one cause of action, without any specification of the sums due upon each several cause.

APPEAL from the Twelfth District.

*Caleb Burbank,* for Appellant.

*J. P. Treadwell,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—COPE, J. and FIELD, C. J. concurring.

1. The plaintiff sues the defendant to recover some two thousand dollars, on this state of facts: the complaint, which is not artificially drawn, sets out that the plaintiff bought of the defendant certain horses, etc. on the —— day of November, 1857, and, on the same day, (but not averred to be part of the same contract,) "that plaintiff bought of the defendant the good will of a certain mercantile house, (describing it,) in the matter of drayage," for two thousand dollars; that defendant executed to plaintiff a certain instrument in writing. This instrument recites, among other things, that defendant agrees to relinquish to the plaintiff, and recommend him for, the good will, as at present extended by the mercantile house, (describing it,) in the matter of drayage. The complaint goes on to allege that this good will was not a vendible commodity; and that the plaintiff having paid two thousand dollars for it, he is entitled to recover it back. Upon what theory of the law of contracts this pretension is based, the argument of the learned counsel for the Appellant fails to inform us. It is not pretended that there was any fraud or deceit practiced by the defendant, or that the defendant did not recommend the plaintiff for this employment, or good will, but the stress of the complaint seems to be that the plaintiff having paid this money on this account, is entitled to recover it back. It may be very true that the plaintiff was worsted in this trade, though the complaint does not distinctly so aver, but if he chose to make a foolish bargain of this sort, if it were such, we do not perceive upon what ground he can recover back the money he has paid upon it, or in consideration of it.

2. The second count is as bad as the first. It alleges that the said defendant, on the day of purchase, as before recited, being indebted to the plaintiff in the sum of two thousand dollars, money before that time laid out and expended, lent and accumulated, and had and received *by the defendant,* at his special instance and request, to the use of the plaintiff, then and there promised, etc. Though we have recognized the use of the common counts, as proper in the practice in this State under our statute, we have never gone so far as to recognize such a jumble of all the causes of action in one count, as is here illustrated;

besides, the count itself seems to predicate the defendant's liability upon his own loan and expenditure of money. If this were a clerical error it ought to have been corrected when a demurrer was interposed to the count. But the fatal error is in uniting in one count, as one cause of action, all these matters, without any specification of the sums due upon each several cause.

The demurrer was properly sustained, and the judgment is affirmed.