[No. 3,627.]

# WILLIAM QUINN v. L. G. SMITH, W. F. SCHULTZE AND H. KOHN.

PLEADING COUNTER CLAIM.—A counter claim must contain all the substantive averments necessary in a complaint based upon the same cause of action set out in the counter claim.

COUNTER CLAIM.—In an action to recover money claimed to be due, the defendant cannot set off, by way of counter claim, the value of the use and occupation of premises claimed by him which the defendant entered upon and holds under a third person, and in hostility to the defendant's alleged title.

FRAUD IN SALE OF PROPERTY.—The *bona fides* of the sale of property made by a debtor cannot be inquired into, in an action brought by one who holds under the purchaser to recover money from one who claims the property under a sheriff's sale made under a judgment in favor of a creditor of the seller, recovered after the sale took place.

APPEAL from the District Court, Fourteenth Judicial District, County of Placer.

In October, 1870, the defendants recovered a judgment before Clydesdate, a Justice of the Peace, against the plaintiff here, for $250 damages, and $13 41 cost.

The plaintiff appealed to the County Court. The County Court reversed the judgment and rendered a judgment against the defendants here, for $19 60 costs. After the rendition of the judgment by the justice, and before it had been reversed by the County Court, the plaintiffs therein, (defendants here,) procured an execution from the justice, and, by virtue thereof, a constable levied on and sold a team of two horses and a wagon, the property of the defendant (plaintiff here), for three hundred dollars. Quinn brought this action to recover the sum for which the team sold, and the costs in the County Court.

The defendants in their answer set up the following facts by way of counter claim: That on the 8th day of October, 1869, one J. L. Grant was the owner of the N. E. ¼ of section 9, T. 11 N., R. 7 E., Mount Diablo meridian, together with the boarding and lodging-houses thereon, and was indebted to A. P. Craner and W. P. Craner, and that the Craners sued him, and, on the 2d day of May, 1870, recovered a judgment against him for $1,093 10, and procured an execution thereon, and sold the property on the 13th day of June, 1870, and the defendants became the purchasers, and obtained a sheriff's deed on the 17th day of December, 1870, and that said Grant, to defraud said Craners of their debt, in 1869, made a fraudulent sale of said property to one Jordon, and that the plaintiff Quinn, well knowing the facts, entered into possession of the property in subordination to the title of Jordon, and since the 13th day of June, 1870, had been holding the property and enjoying the rents, issues and profits thereof; and that said rents, issues and profits had been of the value of $125 per month, and that therefore the plaintiff was indebted to the defendants in the sum of $2,900, for said rents and profits.

The plaintiff demurred to the counter claims, and the Court sustained the demurrer. The plaintiff had judgment, and the defendants appealed.

The other facts are stated in the opinion.

*Jo Hamilton*, for the Appellant.

Having purchased the property at sale on execution,

we are entitled to the rents from day of sale, and may sue the party in possession for the same, even though he claims adversely. Our right is regulated by statute. (*Henry* v. *Everts,* 30 Cal. 426.)

*Hale & Craig,* for Respondents.

By the Court, WALLACE, C. J.:

1. The answer of the defendant, in so far as it attempted to set up a counter claim, was as follows:

"Defendants, for further and separate defense herein, aver that plaintiff ought not to have the sum sued for, or any other sum of money from them, for they aver that plaintiff is, and was, at· and before the commencement of this suit, largely and justly indebted to defendants in this suit, much more than the sum sued for, to wit: the sum of twenty-eight hundred dollars."

The demurrer of the plaintiff to this part of the answer was properly sustained. A counter claim should contain all the substantive averments necessary in a complaint, based upon the same cause of action; and, tested by this rule, the pleading is insufficient.

2. A further counter claim against the plaintiff was set up in the answer of the defendants, in substance, for the value of the use and occupation of certain premises, which the plaintiff held of one Jordon. Jordon's title accrued in 1869, by deed from one Grant to him; Grant was indebted to the Craners, who, in 1870, commenced an action, and in May of that year obtained a judgment against him. Upon execution sale, under this judgment, the defendants purchased the interest of Grant, the alleged fraudulent debtor of the Craners, and in December, 1870, obtained a sheriff's deed to the premises, pursuant to the execution sale. It is clear that the *bona fides* of the antecedent conveyance from Grant to Jordon cannot be collaterally inquired into in this action, nor the value of the use and occupation of the premises be recovered from the plaintiff, who entered and held under Jordon, and in hostility to the alleged title of the defendants. The demurrer to this portion of the answer was, therefore, properly sustained.

3. These views dispose of the "errors of law" relied upon, and the motion for a new trial was properly denied, because the statement contains no specifications sufficient to support the motion. The only specifications are: First, "that said judgment is against law;" second, "said judgment is contrary to the evidence in this." (*Martin* v. *Matfield*, *ante*, p. 42.)

Judgment and order denying a new trial affirmed. Remittitur forthwith.

Mr. Justice NILES did not express an opinion.