[No. 8561. In Bank.—May 12, 1885.]

## R. S. CLAY ET AL., RESPONDENTS, v. PATRICK CARROLL, APPELLANT.

PLEADING—COUNTER-CLAIM—JOINDER OF CAUSES OF ACTION—DEMURRER.—In an action founded on contract, an answer which joins by way of counter-claim, causes of action for goods, wares, and merchandise sold and delivered, for money paid, laid out, and expended, and for money had and received, is not demurrable under the Code, if such pleading would have been sufficient as a declaration at common law.

APPEAL from a judgment of the Superior Court of Merced County.

The facts are stated in the opinion of the court.

*Bennett & Wiggington,* for Appellant.

*J. K. Law,* for Respondents.

MORRISON, C. J. — In an action for the recovery of money brought by plaintiffs against the defendant in the Superior Court of the county of Merced, the defendant, by way of counter-claim, filed the following answer :—

"And for a further and separate answer, and by way of counter-claim, this defendant alleges that, at and before the commencement of this suit, the said plaintiffs were, and now are, justly and legally indebted to this defendant in a large sum and amount of money, to wit, the sum of $2,000, or thereabouts, over and above all set-offs, claims, demands, counter-claims, or otherwise, for and on account of a large number of mules, grain, hay, wheat, barley, pasturage, hogs, farm supplies, implements of husbandry, and a steam-engine for farming purposes, and goods, wares, and merchandise, theretofore sold, furnished, and supplied and delivered by this defendant, to and for the plaintiffs, at their special instance and request ; and also in a further large sum and amount of money, to wit, $2,000, or thereabouts, for money theretofore paid, laid out, and expended and advanced, by this defendant, for the said plaintiffs, at their special instance and request ; and also in a further large sum and amount of money, to wit, $2,000 theretofore had and received by the plaintiffs, to and for the use of the defendant, at their special interest and request ; and that afterwards, to wit, before the commencement of this suit, the said plaintiffs, being so indebted to this defendant as aforesaid, undertook and promised to pay to this defendant the said several sums of money above mentioned."

The foregoing answer, although not very skillfully drawn, may be likened to a declaration at common law containing the three counts for goods, wares, and merchandise sold and delivered, for money paid, laid out, and expended, and for money had and received. This form of pleading is good under our system and has been so recognized. (*Buckingham* v. *Waters,* 14 Cal. 146.)

To the foregoing answer or counter-claim the plaintiffs interposed a demurrer on the grounds, *first,* that the same did not

state facts sufficient to constitute a defense to the action; *second,* that several causes of counter-claim were improperly joined; and *third,* that the answer or counter-claim was ambiguous and unintelligible. The demurrer was sustained and judgment was rendered for the plaintiffs, independent of and without considering the counter-claim set up by the defendant.

The matters of counter-claim are separately stated in the answer and with sufficient certainty. There is no such ambiguity about the pleading as makes it obnoxious to a demurrer, and as has already been remarked, it would be sufficient in a declaration at common law. (*Wilkins* v. *Stidger,* 22 Cal. 231; *Quinn* v. *Smith,* 49 Cal. 163.)

Judgment reversed.

THORNTON, J., McKINSTRY, J., and SHARPSTEIN, J., concurred.

Rehearing denied.