SELZ, SCHWAB & COMPANY, A CORPORATION, RESPONDENT, v. JAMES TUCKER AND H. C. WALLACE, COPARTNERS, ETC., APPELLANTS.

PLEADING. — COMPLAINT. — ATTACHMENT. — FRAUD.— A complaint which shows on its face that the debt sued for is not yet due, and which does not allege any acts of fraud upon which defendants may join issue, but simply states that plaintiff has commenced an attachment proceeding under 2 Comp. Laws 1888, § 3308, sub. 5, which, provides that certain actions may be commenced for debts not due, is demurrable since the complaint should show a good cause of action and the facts constituting fraud should be specifically alleged therein without reference to the attachment affidavit.

(No. 454.   Decided June 4, 1894.   37 P. R. 249.)

APPEAL from the district court of the first judicial district, Hon. H. C. Smith, *Judge.*

Action by Selz, Schwab & Company, a corporation, against James Tucker and H. C. Wallace for goods sold and delivered. The court overruled defendants' general demurrer and entered judgment upon default, from which defendants appeal. *Reversed.*

*Mr. Frank Pierce* and *Messrs. Booth, Lee & Gray,* for appellants.

Defendants can appeal from a judgment by default. *Howard* v. *Galloway,* 60 Cal. 10; *Hallock* v. *Jaudin,* 34 Cal. 172; 1 Black on Jdgs. § 95. On demurrer the appeal must be taken from the judgment. *Agard* v. *Valencia,* 39 Cal. 297; *Hibberd* v. *Smith,* 39 Cal. 145; *Ashley* v. *Olmstead,* 54 Cal. 616. Judgment by default will be reversed on appeal where the complaint shows no legal cause of action. *Abbe* v. *Marr,* 14 Cal. 210; *Choynski* v. *Cohen,* 39 Cal. 501. The complaint does not state facts sufficient to constitute a cause of action, in that it appears on the face of said complaint that the action was brought before the maturity of the debt. 2 Comp. Laws Utah 1888, § 3129; *Heard* v. *Ritchey,* 20 S. W. R. 799.

*Messrs. Jones & Schroeder,* for respondent.

Cited: 2 Comp. Laws Utah 1888, § 3308, sub. 5; *Smith* v. *Holmes,* 19 N. Y. 271; *Rallins* v. *Kahn,* 29 N. W. R. 640; *Zaegel* v. *Kuster,* 7 N. W. R. 781; *Harnish* v. *Beamer,* 71 Cal. 155; *Bethel* v. *Woodworth,* 11 O. S. R. 393; *Lorillard* v. *Clyde,* 86 N. Y. 384; *People* v. *Rains,* 25 Cal. 128; *Pierce* v. *Meyers,* 28 Kan. 364.

BARTCH, J.:

This is an action for the price of goods sold and delivered. The defendants interposed a demurrer to the complaint, on the ground that it did not state facts sufficient

to constitute a cause of action, which was overruled, and, the defendants failing to answer, judgment was entered, by default, in favor of plaintiff for $681, and costs. From this judgment the defendants appealed.

The first question presented for review is the sufficiency of the complaint. The plaintiff brought this suit before the debt was due, and instituted attachment proceedings against the defendants, under subdivision 5, § 3308, Comp. Laws Utah 1888. In the affidavit for attachment it is alleged that the defendants have assigned and disposed of, and are about to assign and dispose of, their property, with intent to defraud their creditors; but in the complaint no such allegation appears. Nor does the complaint contain any allegation, setting forth the acts constituting the fraud, which would entitle the plaintiff to bring suit before the maturity of the debt. The only allegation which appears in the complaint on this point is as follows: "That plaintiff has commenced an attachment proceeding against the defendants under subdivision 5, § 3308, of the Compiled Laws of Utah 1888, which provides that certain actions may be commenced for debts not due." Counsel for appellants contend that this allegation is not sufficient to charge fraud, and that the complaint shows, on its face, that the debt was not due when the action was commenced. As shown by the record, this position appears to be correct.

Fraud is the foundation of this suit, and therefore the facts upon which the plaintiff relied, as constituting fraud, should have been specifically alleged. Because such facts were set up in the affidavit for attachment is no reason why they should not be set up in the complaint. Under the Code, civil actions are commenced by the filing of a complaint (section 3202, Comp. Laws Utah, 1888), and, unless a cause of action is stated, the defendant need not answer, but, after summons, may demur. At the time of issuing the summons, or at any time thereafter, attach-

ment proceedings may be instituted, provided a statutory cause therefor exists. Such proceedings, however, must be preceded by the filing of a complaint. If, then, the complaint fails to state the facts which entitle the action to be prematurely brought, it cannot be sustained on demurrer. Such facts must be alleged the same as though no attachment had issued, so as to enable the defendant to put them in issue by denial. *Cox* v. *Dawson,* 2 Wash. St. 381, 26 Pac. 973; *Woods* v. *Tanquary* (Colo. App.), 34 Pac. 737; *Heard* v. *Ritchey,* 112 Mo. 516, 20 S. W. 799. We are of the opinion that the allegations in the complaint were not sufficient to state a cause of action, and therefore the defendants were not compelled to answer. In such a case a judgment by default will be reversed on appeal. 1 Black, Judgm. § 95; *Choynski* v. *Cohen,* 39 Cal. 501; *Abbe* v. *Marr,* 14 Cal. 210. We do not consider it necessary to notice the other points presented in the record. The judgment is reversed and remanded.

MERRITT, C. J., and MINER, J., concur.