THE H. B. CLAFLIN COMPANY, a CORPORA-
TION, APPELLANT *v.* FRED SIMON, LOUIS
SIMON AND DORA STEARNS, RESPONDENTS.

*Attachment—Debt not Due—Sec. 3308, C. L. U. 1888—Complaint—
Allegations of Fraud—Sufficiency of.*

> Where an action is begun on a debt not due, and an attach-
> ment is sued out under the provisions of Sec. 3308, C. L. U.
> 1888, the complaint, to constitute a proper pleading, must
> contain, in addition to the allegations of fraud necessary to
> be made in the affidavit for attachment, a statement of the
> facts constituting the fraud. Fraud cannot be alleged in
> general terms, but the facts constituting the fraud must be
> set out.

*Pleading—Joinder of Causes of Action—Sec. 2961 R. S. 1898.*

> Causes of action which may be united in one complaint under
> Sec. 2961, R. S. 1898 must be separately stated, and the com-
> plaint must contain a demand for the relief claimed under
> each cause of action.

(Decided October 22, 1898.)

Appeal from the Third District Court Salt Lake
County, Hon. A. N. Cherry, *Judge.*

Action by plaintiff against defendants in attachment,
to recover upon ten separate and distinct causes of action,
some due and some not due. Defendants demurred sepa-
rately to each cause of action, on the ground that the
same did not state facts sufficient to constitute a cause of
action. The demurrer was sustained and plaintiff refused
to amend. Judgment was entered for defendants. From
this judgment plaintiff appealed. *Affirmed.*

*Messrs. Dey & Street* and *W. H. Bramel, Esq.*, for appellant.

Where it is alleged that a note was made, executed and delivered to plaintiff (as in our complaint) ownership is necessarily implied and no further allegation thereof is required.    Bliss on Code Pleading, 3d ed., Sec. 176; *Poorman* v. *Mills*, 35 Cal., 118; *Hook* v. *White*, 36 Cal., 299; *Bank of Shasta* v. *Boyd*, 99 Cal., 604, 606 and cases cited.

Each count or cause of action must be complete in itself in facts that constitute the gravamen or essence of the action, but matters of inducement such as capacity of parties, etc., having been alleged once need not be repeated.    They may be incorporated into every count by reference.  4th Enc. of Pleadings & Prac., 620 and notes; *Abendrath* v. *Boardley*, 27 Wis., 555; *Savings Bank* v. *Lexington*, 74 Missouri, 104.

Only one prayer is necessary.    4th Enc. of Pleadings & Prac., 623, and notes.

The objection that the complaint does not set out the facts constituting the fraud is made to the last six causes of action.    The objection is clearly untenable.    The complaint alleges in each of said six counts "That this action is commenced and maintained in aid of attachment under and pursuant to the provisions of subdivision 5, Sec. 3308 of the compiled laws of Utah, and that said defendants have assigned some of their property with intent to defraud their creditors; also that said defendants fraudulently contracted the debt and incurred the obligation respecting which this action is brought."

The cause of action is upon a promissory note not due. Such an action can only be maintained for the purpose of attachment by virtue of express statutory provision.

*Selz Schwaub & Co.* v. *Tucker*, 10 Utah, 132; *Cox* v. *Dawson*, 26 Pacific, 973; *Hears* v. *Ritchey*, 112 Mo. 516.

The affidavit for attachment was transversed by defendants as to disposing of their property with intent to defraud their creditors. In such a case the question is the intent of the defendants—the knowledge of the assignee of such intent is immaterial. *Waples, etc., Co.* v. *Low*, 54 Fed. 93; *Miller* v. *McNair*, 65 Wis. 452.

"The law presumes that every man intends the necessary and natural consequences of his own acts." *Bank* v. *Barker*, 12 Utah, 13.

*Messrs. Marshall, Royle & Hempstead*, for respondents.

The demurrer was good to each cause of action in the amended complaint, because there are ten separate causes of action attempted to be set up in the amended complaint and there is no demand of the amount claimed attached to or forming a part of any of these several causes of action. The only demand for the relief claimed is at the end of the complaint, which does not specify what relief is claimed on each cause of action, but demands one fixed sum upon the whole complaint.

The statute on the subject, C. L. 1888, Sec. 3219, Subd. 3, says that in every cause of action the complaint must contain "a demand of the relief which plaintiff claims. If the recovery of money or damages be demanded, the amount thereof must be stated."

"Each cause of action shall be separately and distinctly stated." 1st Estee, Sec. 314, referring to *Boles* v. *Cohn*, 15 Cal., 151; *Sturgis* v. *Burton*, 8 Ohio St. 215.

"The causes of action required to be separately stated. are such as by law entitle the plaintiff to separate actions,

and each of which should be a perfect cause of action in itself.   1st Estee, 314; *Sturgis* v. *Burton, supra.*

"In a word, each cause of action must be clearly and explicitly stated and must be perfect in itself."   1st Estee, 314; 14 Cal. 146; *Buckingham* v. *Waters,* 14 Cal. 146; *Clark* v. *Farley,* 3 Duer. 645; *Watson* v. *Railroad Co.,* 41 Cal. 17; *N. C. & S. C. Co.* v. *Kidd,* 37 Cal. 317.

Several counts (in the complaint) are based upon fraud. Without proper allegations of fraud, no action could be maintained thereon, for the several debts therein named were not due.   Our contention is, that where fraud is relied upon, the facts constituting the fraud must be set out, although allegations of fraud would under the express provisions of the statute be good in an affidavit in attachment, they are not good and amount to nothing in a pleading, (without setting out the facts constituting the fraud).   *Meeker* v. *Harris,* 19 Cal. 290; *Waterworks* v. *San Francisco,* 82 Cal. 320; 2 Estee, Articles, 2748–2749; *Selz Schwaub & Co.* v. *Tucker,* 10 Utah 132; Maxwell on Code Pleading, 193; *Pehrson* v. *Hewett,* 79 Cal. 597.

We call the special attention of the Court to the case of *Wilson* v. *Sullivan* decided at the June term of this court, 1898, 17 Utah ———.

MINER, J.

This action was brought to recover upon ten separate and distinct causes of action set forth in the complaint. The first four causes of action are based upon promissory notes due at the time the cause of action was commenced; the five following causes of action are based upon notes not due at the time the action was begun, and the last cause of action was for goods sold and delivered for an agreed amount, part of which was due and part not due when the action was commenced.   Each of the causes of

action based upon a note or demand not yet due alleges: "This action is commenced and maintained in aid of attachment under and pursuant to the provisions of subdivision 5 of section 3308, of the compiled laws of Utah, and that said defendants have assigned some of their property with intent to defraud their creditors, also that said defendants fraudulently contracted the debt and incurred the obligation respecting which this action is brought." Neither of the other causes of action contain any allegations of fraud. At the time of the filing of the complaint plaintiff also filed an affidavit for attachment which alleged the grounds to be that the defendants had assigned and disposed of their property with intent to defraud their creditors. The defendants demurred separately to each cause of action, on the ground that the same did not state facts sufficient to constitute a cause of action. The demurrer was sustained. The plaintiff refused, upon being given permission, to amend. The complaint was dismissed and judgment rendered in favor of the defendants. From this judgment this appeal is taken.

It is contended that the complaint does not set forth the facts constituting the fraud named as the basis of the action when the attachment proceedings were commenced under Sec. 3308, C. L. U. 1888. Where the debt is not due the allegations necessary to make in the affidavit for attachment with reference to the fraud must also be included in the complaint, with the addition that the facts constituting the fraud must be specifically stated and embraced in the complaint in order to constitute it a proper pleading. It is not sufficient to charge fraud in general terms. The nature of the fraud must be set out.

In the case of *Selz, Schwab & Co.* v. *Tucker*, 10 Utah, 132, where a similar question was before this court, it was said:

"Fraud is the foundation of this suit, and therefore the facts upon which the plaintiff relied, as constituting fraud, should have been specifically alleged. Because such facts were set up in the affidavit for attachment is no reason why they should not be set up in the complaint. Under the code, civil actions are commenced by the filing of a complaint, and, unless a cause of action is stated, the defendant need not answer, but, after summons, may demur. At the time of issuing the summons, or at any time thereafter, attachment proceedings may be instituted, provided a statutory cause therefor exists. Such proceedings, however, must be preceded by the filing of a complaint. If, then, the complaint fails to state the facts which entitle the action to be prematurely brought, it cannot be sustained on demurrer. Such facts must be alleged the same as though no attachment had issued, so as to enable the defendant to put them in issue by denial."

In the case of *Wilson* v. *Sullivan*, 53 Pac. Rep. 995, 17 Utah ——, this court held:

"Fraud, when relied upon as a defense, must be specifically pleaded in an answer as well as in a complaint, and the facts and circumstances relied upon should be set out in order that the court may know whether there was such fraud as will be of avail to the pleader, and also that the party charged with fraud may know the nature of the charge and be prepared to meet it. The allegation referred to amounts to a legal conclusion as constituting fraud, and presents no issue of fact as it does not set forth the specific fact which constituted the alleged fraud."

The grounds for attachment as stated in the affidavit are not contained in the complaint. This is a defect that cannot be safely overlooked. The mere statement in the complaint of the statutory ground for attachment does not comply with the rules of pleading laid down by this

and other courts on this subject.   The statement of a conclusion presents no issuable fact sufficient upon which the defendants can base an answer or denial.   The facts constituting the fraud, relied upon, should have been set out and specifically plead, so that the court may know whether there was fraud such as would avail the pleader, and also that the defendants may know the nature of the charge and be prepared to meet it.   The basis and foundation of this action is fraud.   Fraud in disposing of property, with intent to defraud creditors, and fraud in fraudulently contracting the debt respecting which the action is brought.

These grounds for attachment emanate from the statute. At the time of issuing the summons, or at any time thereafter, attachment proceedings may be instituted if a statutory cause therefor exists.   The allegations of fraud required in the affidavit for attachment are also, although in a more specific form, necessary to the complaint, and they continue to be necessary allegations through every stage of the proceeding.   These allegations of fraud, where an action is based or is dependent upon attachment proceedings under the statute, must be specifically set forth in the complaint the same as in any other complaint where fraud is alleged and becomes a necessary element in the proceeding.   When alleged they must be proved like any other fact to authorize the judgment, and unless they were true at the time of the commencement of the action, there was no jurisdiction for a premature suit, and the proceeding must fail.   By proceeding under the statute, the complaining party obtains a lien upon the property of the debtor and holds it for the satisfaction of the judgment.   He is not required to await the procurement of the judgment before his lien attaches, as would be the case if he commenced his action without availing himself of the provisions of the statute against the fraudulent acts

of his debtor. By reason of the fraudulent acts of his debtor he is permitted to act prematurely. He must therefore allege in his complaint the specific acts of fraud complained of, and state in what such fraud consists. To simply aver that the defendant has assigned a portion of his property with intent to defraud his creditors, or that he fraudulently contracted the debt are not statements of facts. The assignments may have been for value received in a legitimate transaction for the actual benefit of the creditors. Besides it may be the highest duty of an insolvent to sell his property in order to pay his debts. The intent with which he sells it is only a matter of inference. If the facts upon which the inference is based are stated, the court can judge of their sufficiency. The facts and circumstances must be set out and shown which will reasonably sustain the theory of the charge.

On page 193, Maxwell on Code Pleading, the author says:

"An allegation of fraud without a statement of the facts constituting the fraud is not sufficient. The reason is, fraud is a conclusion of law, and it is insufficient to allege that an act was affected by fraud, as that a deed was obtained by fraud, unless the things done constituting such fraud are stated on the face of the pleading. This is a very old rule, and the current of authority sustaining it is almost unbroken. The use of epithets, however bountifully multiplied, will not supply the place of facts. *Wilson* v. *Sullivan*, 53 Pac. Rep. 995; 17 Utah, (—) and cases cited; *Selz, Schwab & Co.* v. *Tucker*, 10 Utah 132; *Cox* v. *Dawson*, 2 Wash. St. 381; *Castle* v. *Boder*, 23 Cal. 76; *Kinder* v. *Macy*, 7 Cal. 206; *Pehrson* v. *Hewett*, 79 Cal. 598.

2d. Under Sec. 3219 C. L. U. 1888, Sec. 2960 R. S. 1898,

the complaint must contain a demand for the relief which the plaintiff claims. If the recovery of money or damages be demanded, the amount thereof must be stated.

Under Sec. 2961 R. S. 1898, several causes of action of specified classes may be united in the same complaint, and each cause of action must be separately stated. The causes of action required to be separately stated, are such as by law entitle the plaintiff to separate actions, and each of which should be a perfect cause of action in itself. When so joined each cause of action must be clearly and explicitly stated, and must be perfect in itself. Each of such separate causes of action should contain a demand for relief which plaintiff claims; although under our statutes it is permissible to attach such a demand for relief at the close of the complaint, and specifically make demand for such relief as plaintiff claims in each of the several causes of action theretofore inserted and referred to by number. 1 Estee Pl. Sec. 314; *Buchingham* v. *Waters*, 14 Cal. 146; *Clark* v. *Farley*, 3 Duer. 645; *Watson* v. *S. F. Co.* 41 Cal. 17; *Sturgis* v. *Burton*, 8 Ohio St. 215; *Coy* v. *Kidd*, 37 Cal. 283, 317.

As before stated there are ten separate causes of action attempted to be set out in this complaint. There is no demand of the amount or relief claimed attached to or forming part of any one of these ten separate causes of action. The only demand for relief or judgment claimed in the complaint is at the end of the complaint, and this does not specify what, or if any relief is claimed in each cause of action, but demands a fixed sum upon the whole complaint, without reference to either of the causes of action referred to. This demand reads as follows:

"Plaintiff further alleges that by reason of the ten causes of action hereinbefore set forth, there is now justly

18 Utah—11

due and owing from said defendants to plaintiff, the sum of $14,908.37 with interest thereon as aforesaid, no part of which has been paid, except the sum of $500 paid on the 14th day of August, 1896, leaving a balance of $15,112.82 owing plaintiff at the time of the commencement of this action.

Wherefore, plaintiff prays for judgment against the said defendants, for the sum of $15,112.82, with interest thereon from the time of the commencement of this action, together with its costs and disbursements herein."

We have already held that the demurrer was properly sustained to the 5, 6, 7, 8, 9 and 10 causes of action. Under the rules of pleading this appellate court cannot well apportion the $15,112.82, claimed as damages at the close of the complaint to the 1, 2, 3, and 4th causes of action contained in the complaint wherein the debt was all claimed to be due. No demand for judgment in any amount was claimed in the four causes of action. The relief granted the plaintiff, if there be no answer, could not exceed that demanded in the complaint. C. L. U. 1888, Sec. 3243; *Raun* v. *Reynolds*, 14 Cal. 19; *Bohall* v. *Diller*, 41 Cal. 535.

There being no relief prayed for, none could be granted. *Coy* v. *Kidd*, 37 Cal. 285.

In the respect named the complaint was subject to the demurrer. Upon sustaining the demurrer the trial court gave plaintiff permission to amend its complaint in this respect, but the plaintiff refused to amend, stood upon its complaint and suffered judgment to pass against it.

We are of the opinion the court was correct in making the order sustaining the demurrer.

Many other errors are assigned by the appellant, but as the complaint was properly dismissed, they become unimportant.

The judgment of the district court is affirmed, with costs.

ZANE, C. J., and BARTCH, J., concur.