[Civ. No. 1465.   First Appellate District.—March 31, 1915.]

ROSE HABERLY, by E. T. Morton, Her Guardian Ad Litem, Respondent, v. WILLIAM T. HABERLY, as Administrator etc., Appellant.

CLAIM AGAINST DECEASED PERSON—ACTION UPON REJECTED CLAIM—IDENTITY OF PARTIES—JURISDICTION.—While it is the ordinary rule that courts will not entertain jurisdiction of an action where the plaintiff and defendant are in fact one and the same person, the rule has no application to an action upon a rejected claim of an insane person against the estate of a deceased person where the guardian of the claimant and the administrator of the estate are one and the same person, or where the appointment of a guardian *ad litem* to prosecute the suit was suggested by such guardian and administrator.

ID.—PLEADING—ERRONEOUS RULING ON DEMURRER—WHEN HARMLESS.—Where it is apparent that the defendant has not been placed to any disadvantage by an erroneous order overruling his demurrer to a complaint such error is harmless.

ID.—FRATERNAL INSURANCE—DISPOSITION BY WILL—CONSTRUCTION OF BY-LAW.—A by-law of a fraternal society which provides that "a married member must leave the insurance either to his wife or his children; and it is not necessary for him to make a will, as the money will be paid to the widow, or if none outlive him, to the children," is subject to the interpretation that under the by-laws the insurance money of a deceased member without regard to the will

of the deceased, will go to and must be paid to the widow of the deceased member, or, if there be no widow, then to his children.

ID.—ACTION FOR RECOVERY OF INSURANCE MONEY—EVIDENCE—CONTRIBUTION TOWARD SUPPORT OF BENEFICIARY.—In an action by the widow of the deceased member of such a society to recover the insurance money from her son to whom it was paid pursuant to the will of the deceased, there is no error in sustaining an objection to a question propounded to a witness for defendant as to whether the witness knew of her own knowledge if the son ever paid the mother any money or contributed any funds toward her support, where the answer does not purport to plead a set-off against the claim of plaintiff, but merely denies that the money had not been paid to her.

ID.—ESTATES OF DECEASED PERSONS—ACTION UPON CLAIM—FORMAL REJECTION NOT ESSENTIAL.—It is not necessary that a claim be formally rejected by the administrator in order to maintain suit thereon, as the neglect to act upon the claim within ten days after presentation is equivalent to a rejection.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

J. E. White, for Appellant.

Sullivan & Sullivan and Theo J. Roche, for Respondent.

THE COURT.—The plaintiff in this action recovered a judgment against the defendant as the administrator of the estate of George W. Haberly, deceased, in the sum of eight hundred dollars, with interest thereon from the twenty-ninth day of March, 1901. George W. Haberly died in the city and county of San Francisco on the fifth day of December, 1910. Thereafter, on March 11, 1911, his brother, William T. Haberly, was appointed administrator of his estate with the will annexed. Prior thereto, to wit, on the twenty-fourth day of January, 1911, William T. Haberly had been appointed as the guardian of the person and estate of his mother, Rose Haberly, an insane person. On August 31, 1911, William T. Haberly, as guardian of Rose Haberly, presented to the judge of the superior court in which the estate of George W. Haberly, deceased, was pending for probate, a claim in the sum sued for, which claim was rejected by the

judge.  On November 29, 1911, William T. Haberly, as guardian of Rose Haberly, instituted an action on the rejected claim in the estate which he represented as administrator. Demurrers to the complaint and an amended complaint in the action were sustained, and subsequently one E. T. Morton was appointed guardian *ad litem* of Rose Haberly, who, for a cause of action in a second amended complaint alleged practically all of the matters and things set forth in the complaint originally filed by William T. Haberly.

At the outset it is insisted that the trial court should not have entertained jurisdiction of the action in the face of the objection that the papers, pleadings, and proof showed that the appointment of the guardian *ad litem* was suggested by the defendant William T. Haberly.  Because of this fact it is contended that the motion for judgment of dismissal made by the counsel who defended the action, and was the attorney for the residuary legatee under the will of the deceased, should have been granted because, as was claimed, the action was one in effect wherein the same person was appearing as both plaintiff and defendant.

It is the rule ordinarily, and for reasons that are obvious, that courts will not entertain jurisdiction of an action where the plaintiff and defendant are in fact one and the same person; but the rule has no application to the facts of the present case.  The claim of the plaintiff against the estate of George W. Haberly, deceased, having been rejected by the court in which the estate was pending, relegated her to an action upon the claim; and she could not be deprived of that remedy merely because the guardian of her person and estate happened to be at the same time the administrator of the estate of the deceased.  The suggestion that a guardian *ad litem* be appointed for the purpose of bringing suit was apparently made in good faith, and it does not appear here that the action was instituted for the purpose of procuring a collusive judgment.  That the action was defended in good faith is evidenced by the vigorous defense interposed by the counsel who, nominally representing William T. Haberly, in fact appeared in and defended the action as the attorney for the residuary legatee under the will of the deceased, who was the one person most interested in the defense of the action.

Conceding for the sake of argument that the plaintiff's complaint was demurrable upon the ground of uncertainty in

certain particulars, nevertheless the error, if any, in the order overruling the demurrer does not appear to have placed the defendant at a disadvantage; and therefore, after judgment rendered upon the facts, must be held to have been harmless. (*Huffner* v. *Sawday*, 153 Cal. 86, [94 Pac. 424]; *Widemann* v. *Digges*, 21 Cal. App. 342, [131 Pac. 882].)

The pleaded and proven facts of the case upon which the claim of the plaintiff was founded are substantially these: The Eintracht Bund, a fraternal society of which Frederick Haberly, deceased, the husband of the plaintiff, was a member, had, after the plaintiff had been declared incompetent and during the period of her incompetency, paid the sum of eight hundred dollars to George W. Haberly, a son, for and on account of the insurance which became due and payable upon the death of Frederick Haberly. Frederick Haberly left a last will and testament, in which he specifically bequeathed the sum due upon his death for life insurance from the Eintracht Bund, to his son, George W. Haberly, who was also nominated and subsequently appointed as the administrator of the father's estate. The trial court, in accord with the allegations of the plaintiff's complaint, found that "in his lifetime . . . Frederick Haberly was a member of the Eintracht Bund, a benevolent society of San Francisco . . . ; and upon the death of said Frederick Haberly, by reason of his membership in said society the sum of $800 became due and payable to his widow . . . Rose Haberly; that on the 29th day of March, 1901, George W. Haberly, a son of . . . Rose Haberly, received said sum of $800 from the Eintracht Bund . . . for and on behalf of his mother . . . who was then, ever since has been and now is incarcerated in the state hospital for the insane at Stockton."

The principal point made in support of the appeal relates to the insufficiency of the evidence to support the foregoing findings; and deals largely, if not entirely, with the construction which should be placed upon the by-laws of the Eintracht Bund which designated the persons who might become the beneficiaries of its insurance. It is conceded that the by-law in question was a controlling constituent of the contract for insurance entered into between the Eintracht Bund and Frederick Haberly; and that the will of the latter was of no avail if it named as a beneficiary of the insurance a person not entitled thereto under the by-law. The by-law in question was

printed and promulgated in the German language, and although offered and received in evidence upon the trial the trial court had, as we have, only liberal translations of the same. The translation of Mr. Frederick Huber, a member of the Eintracht Bund and who participated in the preparation of its by-laws, was that "A married member must leave the money either to his wife or children; and it is not necessary for him to make a will because the money belongs to the widow; and if there is no such widow the children. He can make a will if he wants to, but he cannot thereby affect the persons to whom the money will be paid upon his death. If there is no such children, and the member not living with his wife, then he can make a will. It is only when there is no children and the wife is dead (that) he can make a will."

Henry Gumbell, the treasurer of the Eintracht Bund, testified as a witness for the plaintiff for the purpose of translating the by-law in question; and in that behalf was questioned and made answers as follows:

"Q. Would you kindly read those provisions to which I have referred?

"A. (reading). The insurance of a married member goes to his wife—

"The Court: Q. A married member must insure to his wife?

"A. Yes, or to his children if he don't have no wife.

"Q. Continue reading that paragraph.

"A. If he has no wife he makes it to the children; the children is next."

Upon behalf of the defendant a translation, which was accepted by counsel for the plaintiff, was offered and received in evidence reading as follows: "A married member must leave the insurance either to his wife or his children; and it is not necessary for him to make a will, as the money will be paid to the widow, or if none outlive him, to the children."

Standing solely upon the last quoted translation, counsel for the defendant insists that the by-law in question must be construed to mean that while a married member of the Eintracht Bund need not make a will disposing of his insurance money, yet if he does make a will he is privileged to leave the insurance money to either his wife, or his children, as he prefers. The correctness of this translation cannot be conceded. True this construction finds support in the first clause

of the defendant's translation, which reads that "A married member must leave the insurance to either his wife or his children"; but this clause alone falls far short of controlling the intent and purpose of the by-law; and the concluding clause of the by-law as translated by the defendant, which provides that "it is not necessary for him (the member) to make a will as the money will be paid to the widow, or if none outlive him to the children," fortifies the construction contended for by the plaintiff. The trial court was not limited in its interpretation of the by-law in question to the translation thereof offered by the defendant; but it had the right to resort, as it evidently did, to the testimony and translations of the witnesses Gumbel and Huber for the purpose of determining the meaning and intent of the by-law; and when the translation of the defendant in its entirety is considered and construed in conjunction with the testimony and translations of the witnesses for the plaintiff, we have no doubt but that the evidence adduced upon the whole case warrants and sustains the interpretation, evidently adopted by the trial court, that under the by-laws of the Eintracht Bund the insurance money of a deceased member, without regard to the will of the deceased, will go to and must be paid to the widow of the deceased member; or, if there be no widow, then to his children.

There was no error in the ruling of the trial court sustaining the objection to a question propounded to a witness for the defendant as follows: "Do you know of your own knowledge whether George W. Haberly ever paid your mother Rose Haberly any money or contributed any funds toward her support?" The answer of the defendant did not purport to plead a set-off against the claim of the plaintiff; but merely denied upon lack of information and belief that the money alleged to have been received by George W. Haberly had not been paid to the plaintiff. Undoubtedly the defendant was entitled under a general denial to show payment, if he could, in whole or in part of the money in suit; but that was not the purpose of the question objected to. Plainly the purpose of the question was to elicit evidence the only tendency of which would be to show that he had paid or contributed money toward the support of his mother, which fact, if established, would not be evidence of payment in the strict sense of the term, but rather would be evidence only of

the existence of a counterclaim; and it is a well-settled rule of law in this state that the subject-matter of a counterclaim is not admissible in evidence unless it be affirmatively pleaded: (*Barnard* v. *Mullot,* 1 Cal. 368; *Hicks* v. *Green,* 9 Cal. 74; *Quinn* v. *Smith,* 49 Cal. 163; *Matter of Couts,* 100 Cal. 400, [34 Pac. 865].)

There is no merit in the contention that the action could not be maintained until the claim upon which it was founded was formally rejected by the administrator. The claim was duly presented to the administrator, who failed to act thereon within the prescribed statutory time; and subsequently it was presented to and rejected by the judge presiding over the court in which the estate was pending probate. The rejection of a claim against an estate by either the executor or administrator or a judge of the superior court entitled the claimant to bring suit thereon; and the neglect of the administrator in the present case to act upon the claim within ten days after it had been presented to him was the equivalent of a rejection (Code Civ. Proc., secs. 1496 and 1498).

This we think disposes of all the points made in support of the appeal which are worthy of serious consideration.

The judgment appealed from is affirmed.