## STOCKTON v. GRAVES.

A deposition taken *de bene esse*, wherein the witness stated that he resided in a certain county, but that he was about to leave the state, may be admitted in evidence, upon proof that the deponent has not returned to his residence.

The question whether pencil-marks made on a note indicate its cancellation, is properly for the jury; for it could not be said, as a point of law, that such marks imported a cancellation of the note.

Suit upon a note and account. Answer, a set-off for damages done by plaintiff to defendant, while tenant on defendant's farm, in farming the land in an unskillful manner. *Held*, that the set-off was bad on demurrer; the terms of the contract of renting should have been set out, and the acts of omission specified.

In a set-off, the claim for damages should be set out with as much certainty, as in a cross action for them.

*Monday,*
*May 31.*

APPEAL from the *Tippecanoe* Circuit Court.

PERKINS, J.—Suit upon a note and an account. Answer in three paragraphs:

1. General denial.

2. Payment of the note.

3. A set-off, reading as follows:

" To damages done by said plaintiff to said defendant, in farming land in an unskillful manner, while plaintiff was tenant of defendant, on his farm on *Pretty Prairie*, being the east, &c., during the year from *March* 1st, 1853, to *March* 1st, 1854, - - - - - $175.00

To like damages for the year from *March* 1st, 1854,

to *March* 1st, 1855, - - - - - 198.00

Demurrer sustained to this paragraph. Issues of fact upon the others. Trial and judgment for the plaintiff.

The deposition of a witness, taken *de bene esse*, was

permitted to be read. The witness stated in his deposition,
that his residence was in *Tippecanoe* county, but that he
was about to leave the state, &c. It was proved that he
had not returned to his residence. This raised a presump-
tion that he was still absent from the state. His deposition
was rightly admitted.

A witness testified to admissions of the defendant. It
is claimed that the testimony was improper, because the
admissions were made in an attempt to compromise. But
the admissions proved were not made for the sake of a
compromise, nor as a part of one. They clearly were ad-
missible. *Cates* v. *Kellogg*, 9 Ind. R. 506.

It was claimed that certian pencil-marks on the note
sued on, indicated that it had been canceled. The jury
inspected the note, heard the evidence touching the marks,
and the payment of the note, and, from the whole, found
that it was not paid. The question was properly left to
them, as it could not be said, as a point of law, that the
marks imported a cancellation of the note.

Upon the weight of the evidence, the Court cannot in-
terfere with the judgment.

The only difficult question in the case, is that arising
upon the demurrer to the set-off.

Our statute enacts that a set-off must arise "out of a
debt, duty or contract, liquidated or not;" that is to say,
unliquidated damages may be set off, where they arise out
of a debt, duty or contract. 2 R. S. p. 39, § 57. They
may also be set up by way of recoupment or counter-claim.
*Id.* p. 41, § 59.

It would seem, then, that where a party was sued touch-
ing the subject-matter of a contract, he might set up, by
way of counter-claim in such suit, any demand he might
have for unliquidated damages, growing out of such con-
tract; while, if not sued on that contract, but some other,
then he might set up by way of set-off, his claim for dam-
ages growing out of the former contract, in the suit upon
the second. In other words, the same matter may be set
up as a counter-claim in a suit upon the contract, or as a
set-off, in a suit upon another contract. But, however

this may be, and we de not feel disposed in this case, to make a conclusive decision upon it, we think the demurrer was rightly sustained in this case, on account of the insufficient statement of the set-off.

The terms of the contract of renting should have been set out, that the Court might have judged how far it required the tenant to go in husband-like farming; and then the acts of omission should have been specified, that the Court could have judged whether they were violations of the lease.    The claim for these damages should have been set out with as much certainty, as would have been requisite in a cross action for them.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*S. A. Huff*, *Z. Baird* and *J. M. La Rue*, for the appellant.

*W. C. Wilson* and *G. Gardner*, for the appellee.