## Cox v. Davis.

Where the assignor of an account is made a defendant to answer as to his interest, and appears and confesses the assignment, his interest is not adverse to that of the plaintiff, and he is not a competent witness for the plaintiff to prove the claim.

Suit on an assigned account, begun before a justice of the peace, and appealed to the Circuit Court. After the assignor had answered, confessing the assignment, the plaintiff dismissed the suit as to him; and thereupon, on motion of the debtor, the case was dismissed as to him also.

*Held*, that when the assignor went out of Court, by the dismissal of the cause as to him, his answer went with him; and there being then a defect of parties, the action of the Court in dismissing the cause was not erroneous.

APPEAL from the *Delaware* Circuit Court.

WORDEN, J.—*Cox* sued *Davis* and *Sample*, before a justice of the peace, on an account alleged to be due from *Davis* to *Sample*, and by *Sample* assigned to the plaintiff.

The cause was appealed to the Circuit Court, where *Sample* filed an answer, admitting the assignment of the account by him to the plaintiff.

A jury being sworn to try the cause, the plaintiff offered *Sample* as a witness to prove the claim which was the foundation of the action, but objection being made, the testimony was excluded.

We perceive no error in this ruling. To be sure, *Cox* and *Sample* occupied nominally adverse positions on the record, but really their interests were identical, and not adverse; hence *Sample* was not a competent witness for the plaintiff to prove the alleged claim. This position is .fully sustained by the case of *Swift* v. *Ellsworth*, 10 Ind. 205.

After this, the plaintiff dismissed the cause as to *Sample;* whereupon the defendant *Davis* moved to dismiss the cause, for want of proper parties. The Court having given the plaintiff leave to reinstate *Sample* as a defendant, which he declined doing, sustained the motion to dismiss, and the plaintiff excepted.

We are of opinion that there was no error in this ruling.

It is insisted by the appellant, that as *Sample* was only a necessary party for the purpose of answering as to the alleged assignment, or his interest in the subject of the action, and he having made such answer, it was unnecessary that he should be longer continued a party. But this position can not be maintained. When *Sample* went out of Court, by the dismissal of the cause as to him, his answer went out with him. He could not be in Court and out of Court at the same time: in Court for one purpose, and out of Court for another. In the case of *Sloan and Another* v. *Wittbank*, 12 Ind. 444, it was held, that if, after pleading, a defendant withdraw his appearance, his pleadings go with it; that without an appearance, a party can not answer; nor can he have an answer standing, where there is no appearance. The same principle applies here.

*Per Curiam.*—The judgment is affirmed, with costs.

*C. B. Smith* and *Thomas J. Sample*, for the appellant.

*Walter March*, for the appellee.