Nov. Term, 1861.

SWAILS
v.
COVERDILL.

---

SWAILS *v.* COVERDILL.

One partner may assign his interest in an open account due the firm, to his co-partner, so as to enable the latter to maintain an action thereon in his own name.

The assignor of an account must, in an action thereon by his assignee, be

Nov. Term,
1861.

SWAILS
v.
COVERDILL.

Monday,
December 9.

made a defendant to answer as to his interest; but the mere fact of naming him as a defendant, does not make him "an adverse party," nor is he a competent witness for the plaintiff to prove the account.

APPEAL from the *Decatur* Common Pleas.

HANNA, J.—*Coverdill* sued *Swails* upon an open account, and joined *Gavin* as a defendant, averring that *Coverdill* and *Gavin*, as law partners, had been employed by *Swai's* to defend, and did defend, him upon a charge, &c.; that their services were reasonably worth five hundred dollars; that afterward the partnership was dissolved, and the interest of said *Gavin* in said claim was by him assigned to said *Coverdill*.

A demurrer to the complaint was overruled. The question presented upon this ruling is, whether one partner can assign his interest in an open account due the firm, to his co-partner; and if yea, whether a complaint by the assignee alone, is good, without an averment that the partnership affairs were settled, &c.? We are inclined to the opinion that, under such circumstances, one partner might become the real party in interest, so as to maintain a suit in his own name upon a claim.

*Gavin* answered that he had no interest, &c. *Swails* answered, admitting the employment, but averring that by special contract with *Gavin*, the firm were to defend him for the sum of twenty-five dollars, which he had tendered, &c. Reply in denial. Trial, and judgment for the plaintiff.

Upon the trial, the plaintiff offered *Gavin* as a witness, who was, over the objection of the defendant, admitted to testify as to the employment, the service, and the value thereof, and to disprove the special contract pleaded.

Our statutes bearing upon the question are, that the real party in interest must sue (2 R. S., p. 27); that all persons having an interest in the subject of the action, and in obtaining the relief demanded, shall be joined as plaintiffs, except, &c., and that interest shall not disqualify; but this section shall not render competent a party to an action, &c. (2 R. S., § 238, p. 80); that where a claim arising out of contract is assigned, but not in writing, the assignor shall be

made a defendant, to answer as to the assignment and his interest, &c. *Id.* 28. That any person may be made a defendant who has, or claims, an interest in the controversy, adverse to the plaintiff, or who is a necessary party to a complete determination, or settlement, of the questions involved. *Id.* § 18, p. 31. That a party to an action may be examined as a witness, at the instance of the adverse party, &c. *Id.* p. 96.

Under these statutes it is manifest that upon the assignment of an account, the assignor is a necessary party, either as a plaintiff or defendant. We are of opinion that he should be made a party defendant, and not plaintiff, as contended by appellant.

*Gavin* being thus a necessary party, the next question is, whether he was a competent witness as to the points upon which he was permitted to testify. It has been held that a party so situated was not competent. *Cox* v. *Davis*, 16 Ind. 378. To what was said in that case we might add, that the statute quoted, (2 R. S., § 295, p. 96,) appears to exclude the idea that a party to the record can be a witness, unless he is adverse to the party who may offer to introduce him. If he is a necessary party, as in this instance, (16 Ind. *supra*,) he can not be a witness if he should disclaim having any interest in the event of the suit; for, occupying that position does not show *that* adverse position which the statute contemplates. Indeed, if true, it shows the absence of any interest, of any adversary position. As was said in *Swift* v. *Ellsworth*, 10 Ind. 295, merely naming a person as an opposing party does not necessarily, and of course, make him an adverse party during the progress of the case. The evidence of *Gavin* having been thus improperly received, the judgment must be reversed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*B. W. Wilson*, for the appellant.
*Oscar B. Hord*, for the appellee.