HEARD *v.* HOLMES.

Cobb, J.  1. Under the provisions of section 2801 of the Civil Code, as amended by the act of December 18, 1897 (Acts 1897, p. 30), an employee of a subcontractor is entitled to a lien for work done upon real estate for the amount due him by the subcontractor, provided at the time of the service of the notice upon the true owner such owner is still indebted to the contractor in an amount equal to or greater than the sum due by the subcontractor to his employee; and this is true notwithstanding the fact that at the time the notice was served the contractor had settled in full with the subcontractor.

2. When in a suit in a justice's court there was attached to the summons a statement of the cause of action, which embraced all of the essential averments necessary to the foreclosure of a lien upon real estate for work done thereon by a person employed by "some other person than the owner," and the case was submitted to the decision of the justice upon an agreed statement of facts, in which nothing was said in reference to the time at which the notice was served upon the true owner, or the claim of lien was recorded, and it was expressly agreed that the facts stated were "true and that judgment shall be rendered based thereon," and judgment was entered by the justice in favor of the plaintiff, setting up a lien upon the property as claimed in the summons, and the case was carried by certiorari to the superior court, the only assignment of error in the petition being that the "judgment was contrary to the evidence and to law," the judge of the latter court on the hearing of the certiorari properly refused to sustain the same on the ground that the evidence did not show that the notice was served within the time required by law, nor that the claim of lien was recorded within the time required. See *Fouché* v. *Morris*, 112 *Ga.* 143. The silence of the agreed statement of facts with reference to the matters above referred to amounted, under the peculiar facts of this case, to an agreement that the averments in the summons as to the time within which the notice was served and the claim of lien was recorded should be taken as true.

*Judgment affirmed. All the Justices concurring.*

Argued January 31, — Decided March 28, 1901.

Certiorari.    Before Judge Brinson.    Richmond superior court. April 28, 1900.

*W. H. Barrett,* for plaintiff in error.    *F. W. Capers,* contra.