BORDEN BRICK AND TILE COMPANY v. L. O. PULLEY, KING LUMBER COMPANY, ET ALS.

(Filed 3 March, 1915.)

**1. Mechanics' Liens—Contractual Relations—Interpretation of Statutes.**
The claimants for liens for material, etc., furnished for building, under Revisal, secs. 2020 and 2021, are not only required to show, in order to establish their liens, that the materials were actually used in its construction, but that they were furnished to some one having contract relations to the work.   Revisal, sec. 2019.

### 2. Mechanics' Liens—Notice—Contract—Amount Due.

One who has furnished material used in the construction of the build-ing under contract with the subcontractor, by giving the proper notice to the owner is substituted to the rights of the contractor, and his lien is enforcible against any and all sums which may be due from the owner to him at the time of notice given or which are subsequently earned under the terms and conditions of the contract.    Revisal, secs. 2019, 2020, 2021.

### 3. Same—Status of Contract.

One furnishing material to a subcontractor, which is used in a building, who gives to the owner the notice required by statute, before payment made to the contractor, acquires a right to enforce his statutory lien, regardless of the state of the account between the contractor and the subcontractor.

### 4. Mechanics' Liens—Contractor—Personal Judgment—Principal and Agent —Interpretation of Statutes.

The statutory lien on a building being only enforcible to the extent of the amount due the contractor by the owner at the time of receiving the required notice, etc., a personal judgment against the contractor for ma-terials furnished his subcontractor cannot be rendered against the original contractor unless it is established that he has been guilty of some breach of duty, under the statute, working to the claimant's prejudice, or an agency of purchase rendering him personally responsible has been other-wise established.

APPEAL by defendant lumber company from *Connor, J.,* at Fall Term, 1914, of WAYNE.

Civil action to enforce material man's lien. On the hearing it was made to appear that, in 1912, the defendant Y. M. C. A. contracted with the King Lumber Company to build them a hall or home in the city of Raleigh at the contract price of $44,767.48, and that, in July, 1913, the said lumber company sublet the contract for the brick, stone, and cement work to L. O. Pulley for the sum of $12,700; to be paid 85 per cent of the value of material and labor in any one month to be paid by the 15th of the following month and the remainder on final completion and in-spection of the work.    The contract of Pulley, as stated, obligating said Pulley to furnish labor and material to do all masonry of every descrip-tion, including plain and reinforced concrete work and brick work; ex-cept that the cut stone was to be furnished by the King Lumber Com-pany.    That the plaintiff, under contract with L. O. Pulley, supplied him with brick, which were used in said building, to the amount of $3,353.50, and on 31 January, 1913, there was a balance due on said account of $1,898, which the defendant Pulley failed to pay, and plain-tiff thereupon served notice in proper form on the defendant the Y. M. C. A. and on the King Lumber Company, claiming a lien on said building for the amount due for said material, pursuant to the statute; that at the time of the said notice given and received there was due from

the Y. M. C. A., the owner of the building, to the King Lumber Company, the sum of $1,898, which sum having been attached by the plaintiff in this cause, has been paid into the court, subject to the judgment to be entered herein, and at the time of said notice the balance due and to become due on the contract from the King Lumber Company to L. O. Pulley was $1,669.87; that after the notice served upon contractor, the King Lumber Company paid L. O. Pulley the sum of $1,401.32, leaving a balance still due and owing from the King Lumber Company, to said Pulley, of $268.55.

There was evidence offered on the part of the King Lumber Company to the effect that, at the time it received the notice from plaintiff, in January, 1913, it had paid to L. O. Pulley all that was then due him under the contract for brick work, and that the $1,401.32 was for money subsequently earned by said Pulley, under the contract, and was for concrete and cement work done under said contract, after the receipt of said notice.

It was contended for plaintiff that, on the facts in evidence, the said L. O. Pulley acted as agent of the principal contractor in making these purchases, rendering such contractor directly liable for the whole amount. And, if not, that if Pulley was subcontractor, the entire amount could be collected under the statutes applicable to and controlling the subject; both positions being controverted by the King Lumber Company.

The jury rendered the following verdict:

1. Was L. O. Pulley at the time of the institution of this action, and is now, a nonresident of North Carolina? Answer: "Yes."

2. In what sum, if any, is L. O. Pulley indebted to plaintiff? Answer: "$1,898 and interest from 3 January, 1913."

3. Was defendant L. O. Pulley subcontractor or agent of defendant King Lumber Company? Answer: "Subcontractor."

4. In what sum, if any, was King Lumber Company indebted to L. O. Pulley under contract on 3 January, 1913? Answer: "$1,669.87."

5. Did defendant King Lumber Company pay any sum to defendant Pulley under its contract with him after plaintiff notified King Lumber Company of its claim for material furnished to L. O. Pulley? Answer: "Yes."

6. In what sum, if any, is King Lumber Company indebted to plaintiff for material furnished to defendant Pulley? Answer: "$1,669.89 and interest from 3 January, 1913."

Judgment on verdict for plaintiff against L. O. Pulley for $1,898 and, among other things, applying the $1,898 due the contractor from Y. M. C. A. to the judgment recovered against L. O. Pulley, and judgment against the King Lumber Company for $1,669.87, to be applied in discharge of the judgment against L. O. Pulley and of the lien against

the Y. M. C. A. building. Defendant the King Lumber Company excepted and appealed, assigning for error, chiefly, the refusal to nonsuit plaintiff on motion made in apt time; second, for certain specified errors in the judgment as rendered.

*Langston, Allen & Taylor, and Pace & Boushall for plaintiff.*
*Dortch & Barham for defendant.*

HOKE, J. The statutes of this State, notably Revisal, secs. 2019, 2020, and 2021, provide for a lien on the property in favor of subcontractors, laborers, and material men supplying material for the erection, repair, or alteration for the building, when they come within certain conditions and give the notices contemplated and required by the law, and enforcible to an amount not to exceed the sum due from the owner at the time of notice given. Section 2019 gives the lien to all subcontractors and laborers who are employed to furnish or who do furnish material for the building, etc. Section 2020 provides that any subcontractor, laborer, or material man who claims a lien as provided in the preceding section may give notice to the owner or lessee of the real estate who makes the contract for the building or improvement at any time before settlement with the contractor, and if the said owner or lessee shall refuse or neglect to retain out of the amount due the contractor under the contract as much as shall be due or claimed by the subcontractor, laborer, or material man, the latter may proceed to enforce his lien, and, after notice given, no payment to the contractor shall be a credit on or discharge of the lien herein provided. In section 2021 a contractor for building, altering, or repairing of a building, etc., is required to furnish the owner or his agent, before receiving any part of the contract price, an itemized statement of the amount owing to any laborer, mechanic, or artisan employed by such contractor, architect, or other person, or to any person for material furnished, and on delivery of such itemized statement it becomes the duty of the owner to retain a sufficient amount to satisfy these claims. And it is further provided that if the contractor fails to comply with this requirement, that any laborer, mechanic, artisan, or person furnishing materials may furnish to such owner or his agents an itemized statement of the amount due to such laborer, mechanic, or artisan employed by such contractor, etc. And the section provides further that *any person* may furnish to such owner or his agents an itemized statement of the amount due him for materials furnished for such purposes, and on delivery of such notice to such owner or his agent, the person giving the same shall be entitled to all the liens and benefits conferred by this section or by any other law of this State in as full and ample a manner as though the statement had been furnished by the contractor, architect, or other person.

From a careful perusal of the statute, it will appear that it is not every claimant whose material has been used in a building that is entitled to a lien, but unless he is a laborer or mechanic supplying material, and who is given a lien by the express provision of section 2019, a material or lumber man in the strict sense of the term who claims a lien under the provisions of sections 2020 and 2021 will only be entitled thereto when he supplies material for the building to some one having contract relation to the work. And where such lien arises under the provisions of the statute it does so by substituting the claimant to the rights of the contractor, enforcible, as stated, against any and all sums which may be due from the owner at the time of notice given or which are subsequently earned under the terms and stipulations of the contract. In well considered cases it is said to amount to an assignment *pro tanto* of the amount due or to become due from the owner to the principal contractor, and this regardless of the state of the account between the principal contractor and the subcontractor, who may be the debtor of the claimant.

We are not aware that the question has been heretofore directly presented in this State, but the position is in accord with authoritative cases in other jurisdictions construing statutes of similar import, and of our own decisions, in so far as they now bear upon the subject, and is justified and required by the clear and imperative language of the statute conferring on any person who has furnished material for the purposes of the building, and who gives a notice containing an itemized statement of his claim to the owner or his agent, all the liens and benefits conferred by this section or any other law of the State in as full and ample a manner as though the statement had been furnished by the contractor or architect. *Mfg. Co. v. Andrews,* 165 N. C., 285; *Wood v. R. R.,* 131 N. C., 48; *Clark v. Edwards,* 119 N. C., 115; *Lumber Co. v. Hotel Co.,* 109 N. C., 658; *Pinkston v. Young,* 104 N. C., 102; *Herd v. Holmes,* 113 Ga., 159; *Mack v. Colleran,* 136 N. Y., 617; *Van Clief v. Van Vechten,* 130 N. Y., 571; *Vogel v. Luitwieler,* 130 N. Y., 190; *Masset v. Mills,* 89 Texas, 162; 27 Cyc., pp. 91, 96, 97, 99.

Speaking to the question in *Vogel's case,* at page 190, *Barker, P. J.,* delivering the opinion, said: "The respondent makes the further point that it does not appear that the contractor is indebted to the subcontractor, Poppet, for the work and labor and material furnished in painting the house, and for that reason the appellant did not establish a valid lien on the premises. We cannot assume that Poppet has been paid, and, until the contrary appears, it may be presumed that he has not been, as a liability once created is supposed to continue until it is shown that it has been discharged. But if it appeared that Poppet had been paid for the work and labor which he performed, the right of the appellant to place a lien upon the premises as a security for his debt was not thereby

extinguished; for the right was secured to him by statute, and its validity. is not made to depend upon the question whether his vendee had been paid by the party with whom the latter contracted to do the work and labor. Such a construction placed upon the statute would contravene and defeat its express objects and purposes, and so far as it was intended as a protection for material men and laborers it would enable the contractor and subcontractor, by concert of action, to deprive them of the benefits of the statute."

It is urged for the appellant that at the time he received notice of plaintiff's claim there was nothing then due from him to his codefendant, Pulley, and that the $1,401.32 paid by him after receiving notice was for work done by Pulley after that date, and that no liability should attach by reason of such payments. Having held that plaintiff's lien, if otherwise valid, could be enforced regardless of the state of the account between the contractor and the subcontractor, the position may not avail to prevent the application of the sum due from the owner, and if it were otherwise, the money earned by Pulley was earned under the stipulations of the contract between the two, and even if plaintiff's lien had to be worked out through the amount due to Pulley, the authorities hold that the notice to the contractor would amount to an assignment *pro tanto* of all sums due to Pulley at the time of notice or subsequently earned by him under the contract. *Budd v. Trustees of Camden School,* 51 N. J. L., 36; *Meyer v. Muckler,* 50 N. J. L., 162; *Anderson v. Hough,* 49 N. J. Eq., 348.

While we approve the judgment in so far as it applies the balance due from the owner to the contractor in satisfaction of plaintiff's claim, we find nothing in the record to warrant or sustain a personal recovery for the $1,669.87 against the King Lumber Company. The statute gives the lien against the property, enforcible to the extent of the amount due from the owner to the contractor. This the plaintiff has obtained, and, the jury having rejected the position that Pulley bought as agent of the lumber company, unless it were established that the company has been guilty of some breach of duty, under the statute, working to plaintiff's prejudice, there is nothing to bring the company under pecuniary liability.

The personal recovery against the King Lumber Company, therefore, must be set aside, and, so modified, the judgment is affirmed.

Modified and affirmed.