AMERICAN NATIONAL BANK v. R. E. L. NORTHCUTT ET AL.

(Filed 12 May, 1915.)

**1. Pleadings—Counterclaim.**

    A counterclaim which only alleges that the plaintiff is indebted to the defendant, without alleging further the nature, extent, and kind of indebtedness, and how it arose, is imperfectly pleaded, and should be disregarded.

**2. Same—Banks and Banking—Bills and Notes—Parties.**

    Where in an action on a note brought by a bank which had taken it with other papers as collateral to a note from the local bank of deposit and original discount, an allegation is made in the answer by way of offset or counterclaim that the local bank was indebted to the defendant; that no demand for payment of its note had been made; that plaintiff had more than sufficient collateral to secure the note, etc., states no valid counterclaim as against the local bank, and the failure of the plaintiff to have made it a party defendant is immaterial.

APPEAL by defendants from *Rountree, J.,* at March Term, 1915, of ANSON.

Civil action, tried upon these issues:

1. Is the plaintiff the owner and holder in due course of the notes described in the complaint? Answer: "Yes."

2. What amount, if any, is the plaintiff entitled to recover of the defendants? Answer: "$2,000, with interest on $1,000 from 1 October, 1914, and interest on $1,000 from 1 November, 1914.

When the case came on for trial, the plaintiff moved to strike out the "further defense" set up by defendants in the answer. The motion was allowed. Defendants excepted and appealed.

Plaintiff introduced evidence sustaining the several allegations of the complaint. Defendants introduced no evidence. There were no exceptions to the evidence or to the charge of the court.

The following is the "further defense" stricken out by the court:

"The plaintiff is a nonresident corporation; that receivers have been appointed by the courts of this State for the Southern Savings Bank of Wadesboro; that said savings bank is indebted to plaintiff in the sum of $......, evidenced by its notes now held by plaintiff; that said notes have not been presented to said receivers for payment; that if the plaintiff is the holder of the notes described in the complaint, they are held by it as collateral security for the payment of the notes of the said Southern Savings Bank, given to the plaintiff, and that they are informed and believe that the plaintiff holds notes and mortgages, the property of the said Southern Savings Bank, as collateral securing said indebtedness, largely in excess of the amount due it by the said Southern Savings Bank; and that the plaintiff has collected a large sum of money from said collateral, and is endeavoring to collect more than is due it on account of the indebtedness of the said Southern Savings Bank, and to that end has instituted numerous suits in the Superior Court of Anson County for the collection of said notes and collateral security held by it, without alleging in any of the complaints filed in said actions that said notes are held by it as collateral security for said indebtedness, and without making the receivers of the said Southern Savings Bank parties to any of said actions.

"That R. E. L. Northcutt and W. N. Northcutt are stockholders of the said Southern Savings Bank, and that the defendants herein were depositors in said bank at the time of the appointment of the receivers, as aforesaid, and as such are now among the creditors of said bank.

"The defendants are informed and believe that the plaintiff had in its possession a large sum of money belonging to the said Southern Savings Bank at the time of the appointment of said receivers, which said money has not been applied to the indebtedness of said Southern Savings Bank by the plaintiff, and that the same should be applied to said indebtedness.

"That on account of the matters and things herein alleged, the defendants are informed, advised, and believe that the receivers of the said Southern Savings Bank are necessary and proper parties to this action, in order that the rights of all the parties may be properly adjudicated and protected."

*Lockhart & Dunlap for plaintiff.*
*Robinson, Caudle & Pruette, H. H. McLendon for defendants.*

BROWN, J. This action is brought to recover on two promissory notes of $1,000 each, payable to the Southern Savings Bank of Wadesboro,

N. C., and indorsed by that bank to plaintiff. The execution and indorsement of the notes by defendants are admitted.

There are no exceptions to the evidence or to the charge; therefore, the findings of the jury stand unchallenged. These entitle the plaintiff the judgment, unless the defendants have pleaded a valid set-off or counterclaim in their answer, which has been disregarded by the court.

This case is very similar to that of the *American National Bank v. Hill,* from same county, *post,* 241. Much that is said in that opinion is applicable to this appeal.

There is no allegation in the answer that the debt due plaintiff by the Southern Savings Bank, for which the note sued on and other notes have been assigned as collateral, has been fully paid by the collection of the collateral by the plaintiff.

Then, again, the answer fails to properly plead any set-off or counterclaim. The allegation is that the defendants "are stockholders in the Southern Savings Bank, and were depositors in said bank at the time of the appointment of the receivers, and as such are now among the creditors of said bank."

The answer fails to set out the amount of the deposit and in what amount the Southern Savings Bank is indebted to defendants. It may be $1 or it may be a much larger sum. If the true amount were set out, and it appeared to be inconsiderable, plaintiff could and probably would admit it and give defendants credit for it on the note and take judgment for the balance. As it is, no counterclaim is sufficiently pleaded that would be good against the Southern Savings Bank, the assignor of plaintiff.

It is well settled that the averments as to set-off or counterclaim shall be definite and certain. Vague, general, and indefinite allegations are not sufficient. The plea must be specific and must fully apprise the plaintiff of the nature and extent of the defendant's claim. 19 Enc. P. and P., 751.

In some cases it has been held that in pleading a set-off or counterclaim the same definiteness and certainty are required as in stating a cause of action in a declaration or complaint. *Bernard v. Mullott,* 1 Cal., 368; *Stockton v. Graves,* 10 Ind., 294; *Gragg v. Frye,* 32 Me., 283; and other cases cited; 19 Enc. P. and P., 751.

In this State it is held that a counterclaim which only alleges that plaintiff is indebted to the defendant, without alleging further the nature, extent, and kind of indebtedness, and how it arose, is imperfectly pleaded and ought to be disregarded. *Smith v. McGregor,* 96 N. C., 101.

In that case the Court says: "A counterclaim should be alleged with clearness and precision; its nature and the consideration supporting it;

when, how, and where it arose, should be stated with reasonable certainty. This the statute requires, and, moreover, it is necessary to just and intelligent procedure. The counterclaim is substantially the allegation of a cause of action on the part of the defendant against the plaintiff, and it ought to be set forth with the same precision as if alleged in the complaint."

The judgment of the Superior Court is
Affirmed.