GUILFORD LUMBER MANUFACTURING COMPANY ET AL. V. M. L. HOLLADAY, GREENSBORO COLLEGE FOR WOMEN, ET AL.

(Filed 5 November, 1919.)

1. Materialmen—Liens—Principal and Surety—Contracts—Breach—Statutes.

The surety on a contractor's bond, to the effect that the contractor shall complete the building of the owner in accordance with the builder's contract, plans and specifications, supply and materials, etc., therefor, and fully reimburse the owner for all outlay and expenses he may incur by reason of the contractor's default, cannot be held liable by the owner for the claim of a materialman, when the contractor has completed the contract according to its terms, the building has been accepted by the owner, and he has paid the contractor a balance due him, under a full statement of the amounts then owing on the building. Rev., 2021.

2. Same—Principal and Agent.

Where the contractor for the erection of a building has completed it according to the terms of his contract with the owner, has given him a full statement of the various items owing on the building (Rev., 204), and thereupon the owner has voluntarily paid him the balance of the full contract price, the surety on the contractor's bond given to the owner to save the latter harmless in the event of the contractor's default in so completing the contract, is not liable to the owner for the account of an unpaid materialman, for such payment of the owner was in violation of his statutory duty to pay the materialman, and having trusted the contractor to do this for him, the latter acted as his agent, for whose failure to pay the claim the owner is responsible.

3. Materialman—Liens—Contracts—Statutes—Principal and Surety.

The requirement of Rev., 2021, that the contractor furnish the owner of the building being constructed a statement of persons and amounts he owes for materials, when complied with, makes it the duty of the owner to retain from the amount then due the contractor, so far as it extends, the amounts due by the latter to the materialmen, and pay it to them, and under ch. 150, sec. 4, Laws 1913, no payment to the contractor after such notice shall be a credit on or discharge of the lien provided for the materialmen, etc. *Held*, these statutes become a part of the building contract, and while enacted primarily for the benefit or protection of the workmen and materialmen, it is also for the protection of the owner and the surety on the contractor's bond.

4. Same—Advantage of Wrong—Equity.

Where the owner voluntarily pays to the contractor, after the completion and acceptance of his building, the full balance of the contract price,

having received the contractor's statement of persons and materials still owed by him thereon (Rev., 202), his conduct in so doing is wrongful to the materialmen, of which he will not be permitted to take advantage to the loss of the surety on the contractor's indemnifying bond, in his action to recover thereon.

**5. Principal and Surety—Debtor and Creditor—Security—Exoneration.**

> Where a creditor voluntarily parts with a security for his debt, the surety on the debtor's bond is exonerated to the extent of the value of the security he could have applied to the obligation.

CIVIL ACTION, tried before *Lane, J.,* at February Term, 1919, of GUILFORD, upon exceptions to report of referee.

The court overruled the exceptions filed to the report by the defendant Armfield, and gave judgment against him in favor of the Greensboro College for Women.

The defendant Armfield excepted and appealed.

*T. C. Hoyle for Greensboro College for Women.*
*Raper & Raper for defendant Armfield.*

BROWN, J. This action was brought by plaintiffs, who are materialmen, against the contractor Holladay, the Greensboro College for Women, which owned the building, and one Armfield, surety on the contractor's bond. The plaintiffs were awarded judgment against the college, the owner of the building, for the amounts of their claims, and the college was awarded judgment against the surety, Armfield, for the amount it is compelled to pay the plaintiffs. The controversy is between the college and the defendant Armfield, surety upon the bond of Holladay, the contractor.

These facts were found by the referee and adopted by the court. Briefly stated, they are:

Greensboro College for Women contracted with M. L. Holladay to erect for it a dormitory building. The contractor executed to the college a bond, with Armfield surety, conditioned as follows:

"Now, therefore, the condition of the above obligation is such that if the above bounden, M. L. Holladay, shall construct said building in accordance with said contract, plans, and specifications heretofore designated, and shall supply such labor and material as is named in said contract, and shall fully indemnify and save harmless Greensboro College for Women for all costs and damages which it may suffer by reason of said Holladay's failure to do so, and shall fully reimburse and pay to said Greensboro College for Women all outlay and expenses which it may incur in making good said default (which outlay and expense shall include attorney's fees and increased compensation of architect, if on

account of such default said college shall be compelled to employ counsel to defend itself, or pay additional compensation to the architect); then, in such case, this bond shall be null and void; otherwise, to be in full force and effect."

The contractor completed the building according to contract, and college accepted the same.

Upon completion of the building, Holladay, the contractor, gave to the college a complete statement of amounts and persons to whom he was indebted for material, giving names of plaintiffs.

After this notice the college made up settlement with Holladay, and found it was due him $4,800, which was more than the amount he owed for material, as per his statement.

The college then paid this amount to the contractor Holladay, and he failed to apply the money to the materialmen.

The plaintiffs, the materialmen, make no claim against the surety upon the contractor's bond. Under the statute they obtained judgment against the college, the owner of the building, and their claims were properly declared a lien thereon. The question presented upon this appeal is this: Can the college compel Armfield, the surety on the contractor Holladay's bond, to make good to it the sum it is required to pay the plaintiffs on account of its failure to retain the money when settling with the contractor.

We are of opinion that the college cannot recover against the surety on the contractor's bond, upon two grounds:

1. The liability sought to be enforced does not come within the terms and conditions of the bond. The bond provides that the contractor Holladay shall construct the building in accordance with the contract, plans and specifications furnished, and shall supply such labor and material as is named in the contract, indemnify and save harmless the college from all costs and damages which it may suffer by reason of said Holladay's failure to do so. The bond further provides that the surety shall fully reimburse and pay to said college all outlay and expenses which it may incur in making good said default. According to the admitted facts, Holladay has fully complied with every one of the conditions named in the bond. He has constructed the building in accordance with contracted plans and specifications. He has supplied the labor and the kind of material specified in the contract. There is nothing required of Holladay in the language of that bond which, so far as the college is concerned, Holladay has not performed. He completed the building according to contract and the college accepted the same. Holladay gave to the college the full statement of the amount and persons to whom he was indebted for material, giving the names of the plaintiffs who are materialmen. After receiving this notice, the college had a full settlement

with Holladay, and found that it owed him $4,800, which is more than the amount he owed for material. The college then voluntarily, without any sort of compulsion, paid this money to Holladay, trusting to him to apply the money to the satisfaction of the claims of the materialmen, which Holladay failed to do. It is thus evident to us, from the facts as found, that Holladay has fully performed the contract, and that, under the terms of the bond, the college cannot recover of the surety.

2. The second ground, which we think bars a recovery, is equally as strong.

The contention of the surety is that under the express terms of the law the owner was required, upon settlement with contractor and upon notice from the contractor, to withhold payment from contractor, and pay directly to materialmen the amounts due them.

The college having, after notice, in violation of the provisions of the law, paid to Holladay, cannot now recover, for its wrongful payment, of the surety.

The law requires the contractor, before receiving the contract price, to furnish a statement of persons and amounts he owes for material. Pell's Revisal, sec. 2021.

When a statement was made, as was done in this case, the law provides: "It shall be the duty of the owner to retain from the money then due the contractor a sum not exceeding the price contracted for, which will be sufficient to pay such person for material, which said amount the owner shall pay directly to the person furnishing material." This section was amended, Laws 1913, ch. 150, sec. 4, by adding thereto: "And after notice herein provided for, no payment to the contractor shall be a credit on or discharge of the lien herein provided."

The contention that the statute was not enacted for the benefit of the surety cannot be maintained. It was enacted primarily for the protection of materialmen and laborers upon the building, but it also protects the owner of the building as well as the surety upon the contractor's bond. When a statute provides a duty, and a contract is made involving a performance of that duty, the statute becomes part of the contract. 13. Corpus Juris, 560, sec. 523; *N. P. R. R. Co. v. Wall,* 241 U. S., 523. This statute existed at the time of making the contract between the college and the surety Armfield. It entered into and formed a part of it for the benefit and protection of all the parties. *O'Kelly v. Williams,* 84 N. C., 281; *Graves v. Howard,* 159 N. C., 594. The provisions of the statute are plain and explicit, and all persons entering into building contracts, including the surety, are supposed to contract with reference to existing law. In this case it was the plain duty of the college to withhold the sum necessary to pay these materialmen, as the law directed that the college retain the money and pay it to the person to whom it

was due. When it paid the money to Holladay, instead of retaining it when it had full notice of the existence of claims of the materialmen, it was a direct violation of its duty and it would be inequitable to allow the college to take advantage of its own wrong and compel the surety to make good the default. He had a right to assume that the college would obey the statute, retain the money, and apply it to the claims of the materialmen. When the college paid the money belonging to the materialmen over to Holladay, trusting him to settle with the materialmen, it made Holladay its agent for that purpose, and whatever loss is sustained, it must bear. It is elementary that a principal is not allowed to surrender the security which it holds for the performance of a bond, and then hold the personal surety on the bond liable for it. The principal would have to account for the value of the property wrongfully surrendered. Upon this principle a principal in a note cannot release one of the sureties without releasing all. A mortgagor may not cancel the mortgage and still hold the surety upon the note secured in the mortgage. It is well settled that where the creditor, without consent of the surety, parts with a fund which he has the right to apply in satisfaction of an obligation, the surety on the bond is exonerated to the extent of the value of such fund. The reason is that the fund is impressed with a trust for the payment of the debt, and the creditor is bound to apply it for the benefit of the surety. *Carriage Co. v. Dowd,* 155 N. C., 307.

In *Cooper v. Wilcox,* 22 N. C., 90, it is said: "Between the creditor and a surety, the former is not bound to active diligence to protect the latter; but if by his act he deprives him of a security, the latter is *pro tanto* discharged." *Bell v. Howerton,* 111 N. C., 69; *Purvis v. Carstaphan,* 73 N. C., 575.

According to law, as well as under the terms of the building contract, the college had the right, and it was its duty, to retain this money and apply it to the payment of the materialmen. It failed to do so, but paid it over to Holladay and trusted him to discharge these claims. The college cannot now take advantage of its own wrong. Having failed to perform its duty, it must bear the resulting loss.

Reversed.