WILL WIDENHOUSE, Trading as CAROLINA BUILDING & SUPPLY COMPANY, v. W. B. RUSS, SR., and LELIA L. SMART.

(Filed 31 October, 1951.)

**Laborers' and Materialmen's Liens § 10—**

In a materialman's suit to enforce his lien asserted in accordance with statutory requirements, the owner may allege as a defense that because of defective materials and unworkmanlike construction she had been damaged to such extent that she owes the contractor nothing, and the striking of the allegations of the answer setting up such defense is error, since the materialman's lien is based on the substitution of his claim to the rights of the contractor against the owner. G.S. 44-6.

APPEAL by defendant Lelia L. Smart from *Phillips, J.*, at June Term, 1951, of CABARRUS.

Civil action to recover for building materials furnished defendant W. B. Russ, Sr., for use in constructing a building for defendant Lelia L. Smart on certain of her land in Cabarrus County, N. C., and to declare a lien therefor.

Plaintiff alleges in his complaint substantially the following:

(1) That on 2 September, 1949, Lelia L. Smart, the owner and in possession of certain described land in No. 10 Township of Cabarrus County, North Carolina, entered into a written contract with defendant W. B. Russ, Sr., for the erection of a concrete block building thereon, at price of $6,600.00, and later an oral contract for an addition to said building for the price of $390.00, making a total contract price of $6,990.00 for said building;

(2) That on 15 August, 1949, plaintiff entered into a contract with defendant W. B. Russ, Sr., to furnish certain building materials and supplies for use in the erection of said building,—plaintiff to receive pay therefor upon completion of the building; and that pursuant thereto plaintiff did, with knowledge of defendant Lelia L. Smart, so furnish materials for use, and used in construction of said building, the price of which amounted to the sum of $1,422.48;

(3) That though W. B. Russ, Sr., had completed the building and addition thereto, and defendant Lelia L. Smart has accepted the building from defendant W. B. Russ, Sr., all demands for payment for materials so furnished have been refused, and the whole amount is due with interest;

(4) That in March, 1950, plaintiff has duly filed a notice of material-man's lien on the said land and building, etc.

Defendant Lelia L. Smart, answering, denied in material aspects the allegations of the complaint, except as set forth in her further answer and defense. And she, in her further defense, averred:

"1. That during the early Fall of 1949 this defendant did enter into a contract with W. B. Russ, Sr., to erect for her a cement block building

upon the lands as described in paragraph 3 of the complaint, same to be a good and sufficient building in material and workmanship in every detail, and this defendant did agree to pay him the sum of $6,600.00 if he would build her a building according to their contract; and within a few days after said first contract, this defendant did make an agreement with W. B. Russ, Sr., for him to build a shed to the rear of said concrete building, and it was to be of good material and workmanship in all respects, for the sum of $390.00. . . .

"4. That about the time W. B. Russ, Sr., began the building, he came to this defendant and requested some money to pay for material and labor, whereupon this defendant paid him the sum of $800.00."

And in paragraphs 2, 3 and 5 she averred in substance that W. B. Russ, Sr., began the construction of the building during September, 1949, and erected same in such defective material and in such unworkmanlike manner as to render the building unfit for use, to her damage in such large amount that she owes to him nothing. She, thereupon, prays the court that in so far as she is concerned, the prayer of plaintiff be denied, and that she go without day.

When the cause came on for hearing in Superior Court motion of plaintiff "to strike from the further answer and defense of defendant Lelia L. Smart, all of paragraphs 2, 3 and 5 on the ground that it was immaterial and prejudicial and evidence would not be competent to prove same," was granted, and same were stricken. Defendant Lelia L. Smart objected and excepted. Exception No. 1.

Plaintiff proceeded to offer evidence over objection by defendant Lelia L. Smart. Neither she nor defendant Russ offered evidence. The case was submitted to the jury, and the jury answered the issues under peremptory instruction of the court, to which in detail and in so far as adverse to her, Lelia L. Smart objected and excepted.

Thereupon the court entered judgment that plaintiff have and recover of defendants the amount of $1,422.48, with interest from 24 October, 1949, until paid, declared same a lien on the said property of defendant Lelia L. Smart from the date the materials were first furnished, .15 August, 1949, and appointed commissioner to advertise and sell the property for purpose of satisfying the amount of the judgment, etc.

Defendant Lelia L. Smart appeals therefrom to Supreme Court and assigns error.

*E. Johnston Irvin and Hartsell & Hartsell for plaintiff, appellee.*

*W. S. Bogle, Morton & Williams, and Marion B. Morton for defendant, appellant.*

WINBORNE, J. The first assignment of error presented by appellant, based upon her exception to the ruling of the trial court in striking out

all of paragraphs two, three and five of her further answer and defense is well taken.

While the averments in paragraphs two and three are in the main evidentiary, they were not stricken for that cause. And the averments in paragraph five are sufficient to constitute a denial that she was indebted to defendant Russ in any amount on account of construction of building in question, and to admit of proof in the respects averred.

The statute G.S. 44-6 in pertinent part provides all subcontractors who furnish material for the building of any building or other improvement on real estate, have a lien on said house and real estate for the amount of material furnished, when notice thereof shall be given as provided by statute, which may be enforced as provided by the statute, but that "the sum total of all liens due subcontractors and materialmen shall not exceed the amount due the original contractor at the time of notice given." That is, the statute gives the lien against the property enforceable to the extent of the amount due from the owner to the contractor. *Brick Co. v. Pulley,* 168 N.C. 371, 84 S.E. 513; *Schnepp v. Richardson,* 222 N.C. 228, 22 S.E. 2d 555.

Hence it is material to ascertain and determine what amount, if any, was due by the owner, Lelia L. Smart, to the contractor Russ at the time of notices given. The ruling of the court in striking out the averments contained in the paragraphs in question, denied to her a substantial right.

If the contractor were suing the owner for the balance of contract price for the construction of the building in question, the owner could set up as a defense, claim for damages arising out of the failure of the contractor to construct the building in accordance with the terms of the contract.

And where the lien arises under the provisions of G.S. 44-6 it does so by substituting the claimant to the rights of contractor limited as therein stated. *Powder Co. v. Denton,* 176 N.C. 426, 97 S.E. 372; *Brick Co. v. Pulley, supra.*

Hence we hold that, for the purpose of ascertaining the amount due by the owner to the contractor at the time of notice given to the owner by a subcontractor or materialman, the owner may, in a suit by such subcontractor or materialman, set up, as a defense, any actual damages caused by the failure of the contractor to complete the building in accordance with the terms of the contract.

The cases cited and relied upon by appellee are distinguishable from, and are not controlling on case in hand.

Other assignments of error need not be considered.

For error pointed out, there must be a

New trial.