MICHAEL FLYNN MANUFACTURING COMPANY, A CORPORATION v. J. L.
COE CONSTRUCTION COMPANY, INC., CUTTER REALTY COMPANY,
INC., EMERY INMAN, TRUSTEE AND NORTH CAROLINA NATIONAL
BANK.

(Filed 14 June 1963.)

1. **Laborers' and Materialmen's Liens § 3—**

In order for a subcontractor to recover against the owner, the sub-
contractor must show its subcontract with the contractor, material
furnished and labor performed in substantial fulfillment thereof, a bal-
ance due it, notice to the owner prior to payment of the contract price by
the owner to the principal contractor, and a balance due the principal con-
tractor by the owner. G.S. 44-6, G.S. 44-8, G.S. 44-9, G.S. 44-10.

2. **Evidence § 20—**

An admission in the answer of one defendant is not competent against
an antagonistic co-defendant.

3. **Laborers' and Materialmen's Liens § 3—**

While there is no privity of contract between the subcontractor and the
owner, the rights of a subcontractor to a lien arises under statutory
provisions substituting it to the rights of the contractor as against the
owner, G.S. 44-6, and therefore in a subcontractor's suit to enforce its
lien the owner may set up as defenses the failure of the principal con-
tractor to construct the building in accordance with the contract and
the failure of the subcontractor to perform its contract with the principal
contractor, and may contest the balance, if any, due the subcontractor
on its contract with the principal contractor.

4. **Pleadings § 8—**

A counterclaim is substantially a cause of action which must be alleged
with the precision and certainty required of a complaint, and when the al-
legations in a counterclaim are so vague, general, and indefinite as to be
insufficient to constitute a cause of action it is not a basis for a judgment
against plaintiff for damages and may amount only to a defense to
plaintiff's recovery.

APPEAL by defendant Cutter Realty Company, Inc., from *Walker,*
*S.J.,* 12 November 1962 "B" Special Civil Term of MECKLENBURG.

Civil action to enforce subcontractor's lien, G.S. 44-6 *et seq.,* heard
upon plaintiff's motion for a judgment on the pleadings against Cut-
ter Realty Company, Inc.

This is a summary of the material allegations of the complaint:

In the spring of 1960 Cutter Realty Company, Inc., hereafter desig-
nated as Cutter, and J. L. Coe Construction Company, Inc., hereafter
designated as Coe, entered into a written contract, by the terms
of which Coe, as principal contractor, engaged to construct an office
building on premises in the city of Charlotte belonging to Cutter,

which property is now encumbered by a deed of trust in favor of North Carolina National Bank. Thereafter, on 30 May 1960 plaintiff and Coe entered into a written contract, which was amended and adjusted by subsequent change orders, by the terms of which plaintiff, as subcontractor, engaged to furnish all of the labor and materials in erecting an aluminum curtain wall in the construction of the office building for the total sum, as adjusted, of $450,520.00. Plaintiff has furnished all of the materials and performed all the labor and fully completed all the terms of its contract with Coe, and its work was accepted by the architect employed by Cutter on 18 August 1962.

Plaintiff has received payment of $401,535.90 from Coe, and has allowed Coe credit for back-charges in the sum of $2,817.96, which leaves a balance due it under its contract with Coe in the amount of $46,166.14. Coe has completed the office building, and Cutter has accepted it and has had a considerable part of it leased for many months.

On 18 April 1962 plaintiff furnished the last materials on this building, and did its last work on it. By reason of Coe's failure to pay plaintiff the amount due on its contract between them, plaintiff on 14 August 1962 gave Cutter notice thereof, and on the same day caused its notice of lien for materials furnished and labor performed to be filed in the office of the clerk of the superior court of Mecklenburg County in Lien Book 13, page 375. Cutter is still indebted to Coe in an amount in excess of $300,000.00, which is sufficient to pay plaintiff, and all other subcontractors, materialmen and laborers who have furnished materials or performed labor in the construction of the office building. Plaintiff seeks a judgment for the amount due, and a foreclosure of its statutory lien filed.

Coe filed an answer admitting all the essential allegations of the complaint.

Cutter filed an answer admitting the allegations of the complaint as to plaintiff's contract with Coe, as to the furnishing of certain materials and the performance of labor by plaintiff in the construction of the office building, and admitting that its architect, without its knowledge or consent, approved the aluminum curtain wall, subject to the conditions as set forth in the contract. Cutter in its answer further admits the amount plaintiff alleges it has been paid, its taking possession of the building, the giving of notice to it by plaintiff wherein is stated the amount due plaintiff from Coe, and that it owes Coe an amount sufficient to pay all claims for the construction of the building, but it denies it has accepted the building from Coe. Cutter in its answer denies that plaintiff has fully completed its contract with

Coe, and denies that there is due plaintiff on its contract the amount of $46,166.14.

Cutter in its answer alleges what it calls a counterclaim against plaintiff, in which it alleges in substance defective workmanship by plaintiff, and prays that it recover from plaintiff such amount as it may be able to show as damages resulting from plaintiff's breach of its contract with Coe.

Plaintiff filed a written motion for judgment on the pleadings against Cutter. Cutter filed a written reply thereto. Judge Walker entered a judgment wherein after reciting a summary of the allegations of the complaint and the admissions of Coe and Cutter, he found as a fact that plaintiff's contract was with Coe, and that there is no privity of contract between plaintiff and Cutter, and wherein after reciting that he was of opinion that the facts alleged in Cutter's counterclaim do not affect plaintiff's right to recover and raise no issues of fact for a jury to determine, and that plaintiff's motion for a judgment on the pleadings should be allowed, he ordered and adjudged that plaintiff have and recover of Cutter the sum of $46,166.14 with interest.

From this judgment Cutter appeals.

*Osborne & Griffin by Wallace S. Osborne for defendant Cutter Realty Company, Inc., appellant.*

*Harkey, Faggart and Coira by Harry E. Faggart for plaintiff appellee.*

PARKER, J.   Defendant Cutter has one assignment of error based on one exception, and that is to the judgment.

Plaintiff's contract is not with the owner, Cutter, but with the principal contractor, Coe. In the Special Session, 1880, N.C. Laws, ch. 44, the General Assembly first made provision for a lien for subcontractors. The present statutes giving such a lien appear in G.S. 44-6 et seq.

In *Schnepp v. Richardson*, 222 N.C. 228, 22 S.E. 2d 555, the Court said: "The claim of the subcontractor or materialman supplants that of the contractor, and the duty of the owner to pay is an independent and primary obligation created by statute."

In order for plaintiff to recover against the owner, Cutter, it must prove: (1) Its subcontract with Coe; (2) material furnished and labor performed in substantial fulfillment thereof; (3) a balance due it; (4) notice to owner, Cutter, as required by statute prior to payment of the contract price to the principal contractor, Coe; and (5) a bal-

ance due Coe by Cutter. G.S. 44-6, 44-8, 44-9. Upon such a showing the statute requires the owner, Cutter, to apply the unexpended contract price due the principal contractor, Coe, to the payment of the amount due plaintiff of whose claim Cutter has received notice. G.S. 44-8, 44-9, 44-10. The provisions of G.S. 44-11, payment *pro rata*, if necessary, seem from the pleadings to be inapplicable here. *Widenhouse v. Russ,* 234 N.C. 382, 67 S.E. 2d 287; *Schnepp v. Richardson, supra; Grier-Lowrance Construction Co. v. Winston-Salem Journal Co.;* 198 N.C. 273, 151 S.E. 631; *Atlas Powder Co. v. Denton,* 176 N.C. 426, 97 S.E. 372; *Charlotte Pipe & Foundry Co. v. Aluminum Co.,* 172 N.C. 704, 90 S.E. 923; *Orinoco Supply Co. v. Eastern Star Home,* 163 N.C. 513, 79 S.E. 964; *Clark v. Edwards,* 119 N.C. 115, 25 S.E. 794; 57 C.J.S., Mechanics' Liens, sec. 113, Subcontract and Performance Thereof. See *Brown v. Ward,* 221 N.C. 344, 20 S.E. 2d 324; *Mfg. Co. v. Holladay,* 178 N.C. 417, 100 S.E. 597.

Cutter in its answer, while admitting many allegations in plaintiff's complaint, denies that plaintiff has fully completed its contract with Coe, and denies that there is due plaintiff on its contract with Coe the amount alleged in the complaint of $46,166.14. The admissions in Coe's answer are not competent against Cutter. *Lupton v. Day,* 211 N.C. 443, 190 S.E. 722; 41 Am. Jur., Pleading, sec. 203.

Plaintiff seeks a judgment for the amount due, and a foreclosure of its statutory lien. "In general, anyone claiming an interest or who may be affected by the judgment enforcing a mechanic's lien may contest the right to the lien or the amount of the claim, as, for example, the owner either at the time the lien attached or at the time it is enforced* * *." 57 C.J.S., Mechanics' Liens, sec. 279.

In an action to enforce such liens the ordinary rules of pleading are generally applied to pleas or answers. 57 C.J.S., Mechanics' Liens, sec. 301; 36 Am. Jur., Mechanics' Liens, secs. 264, 265, and 266.

*Widenhouse v. Russ, supra,* was an action to recover for building materials furnished defendant W. B. Russ, Sr., for use in constructing a building for defendant Lelia L. Smart on her land and to declare a lien therefor. In its opinion, the Court said: "If the contractor were suing the owner for the balance of contract price for the construction of the building in question, the owner could set up as a defense, claim for damages arising out of the failure of the contractor to construct the building in accordance with the terms of the contract." In such a case there is privity of contract between the owner and the contractor.

Our statute does not establish privity of contract between plaintiff and Cutter. *Hardware Co. v. Schools,* 151 N.C. 507, 66 S.E. 583. How-

ever, where plaintiff's "lien arises under the provisions of G.S. 44-6 it does so by substituting the claimant to the rights of contractor [Coe] limited as therein stated." *Widenhouse v. Russ, supra.* Since plaintiff, so far as his claim is concerned, has been substituted to the rights of Coe limited as stated in G.S. 44-6, and since if Coe were suing Cutter for the balance of the contract price for the construction of the office building, Cutter could set up as a defense to Coe's action a claim for damages arising out of the failure of Coe to construct the building according to the terms of the contract, plaintiff who was a subcontractor under Coe is in no better position in respect to the question as to whether he has performed his contract with Coe, so far as Cutter is concerned, than Coe, with whom plaintiff contracted. Under such circumstances, Cutter has a right to set up as a defense against plaintiff the failure of plaintiff to perform its part in the construction of the building in accordance with the terms of its contract with Coe, and to contest the balance, if any, due plaintiff on its contract with Coe. To hold otherwise, when plaintiff seeks a foreclosure of its statutory lien, would seem to be inequitable and unjust, and would put the subcontractor in a better position than the general contractor.

In *Terrell v. McHenry,* 121 Ky. 452, 89 S.W. 306, it is said:

"It is insisted that Miller, who did the work, is entitled to a lien as a subcontractor, although McHenry, under whom he worked, is not entitled to recover. We cannot concur in this construction of the statute. Miller was employed by McHenry, and, while McHenry says that he employed Miller at the request of Terrell, the evidence does not sustain him in this. Miller, having been employed by McHenry, must look to McHenry for his pay. If McHenry was entitled to any lien on the house, Miller would be entitled to the benefit of that lien; but if McHenry has no claim which he can enforce, and never had any, there is nothing for Miller's right to attach to. If McHenry had had a claim he could enforce against Terrell, and Terrell had paid McHenry, leaving Miller unpaid, a different question would be presented. But where a contractor fails to carry out his contract, and the owner of the property does not get what he contracted for, and in fact gets nothing of any value, so that he is in no way liable to the contractor, and never was liable, the subcontractor must look to the person with whom he contracted for his pay. McHenry was to get nothing for the roof if it leaked within 30 days, nor until

it was made to stop leaking. Miller, who was a subcontractor under McHenry, is in no better attitude, so far as Terrell is concerned, than McHenry, with whom he contracted."

See also *Holloman v. Britton* (Okla.), 346 P. 2d 941, rehearing denied 24 November 1959; Anno. 16 A.L.R. 981.

In *Perkins v. Perkins*, 249 N.C. 152, 105 S.E. 2d 663, the Court said:

> " 'It is well settled that the averments as to set-off or counterclaim must be definite and certain. Vague, general, and indefinite allegations are not sufficient. The counterclaim is substantially the allegation of a cause of action on the part of the defendant against the plaintiff, and it ought to be set forth with* * * precision and certainty.' *Bank v. Hill*, 169 N.C. 235, 85 S.E. 209; *Bank v. Northcutt*, 169 N.C. 219, 85 S.E. 210; G.S. 1-135."

A study of what Cutter terms a counterclaim shows allegations so vague, general, and indefinite that the so-called counterclaim amounts in effect to a defense of plaintiff's claim on the ground that plaintiff did not perform its contract with Coe according to its terms, and that it is not a counterclaim to secure a judgment against plaintiff for damages. Such being the case the question is not presented as to whether or not Cutter can maintain a counterclaim to recover damages against plaintiff when there is no privity of contract between them.

Cutter's denial in its answer that plaintiff has fully performed its contract with Coe, which is amplified in its so-called counterclaim, and its denial that there is due plaintiff on its contract with Coe the amount of $46,166.14 present issues of fact, because an issue of fact arises on the pleadings whenever a material fact is maintained by one party and controverted by the other. G.S. 1-196; *Wells v. Clayton*, 236 N.C. 102, 72 S.E. 2d 16.

"The law does not authorize the entry of a judgment on the pleadings in any case where the pleadings raise an issue of fact on any single material proposition." *Erickson v. Starling*, 235 N.C. 643, 71 S.E. 2d 384.

Full liberty of consideration on the part of the jury would seem to be Cutter's due. *Suum cuique tribuere.*

Reversed.