ISLER v. DIXON.

(Filed March 13, 1906).

*Lien for Labor and Material—Judgment—Exemptions.*

Where the work done on a house and furnishing the material were all in the same contract, which was entire and indivisible, the contractor is entitled to a lien for the whole amount under the "mechanic's and laborer's lien law," and the judgment is superior to the homestead and personal property exemption.

ACTION by S. H. Isler, Jr., against J. W. Dixon, heard by *Judge W. B. Councill,* upon exceptions to the referee's report, at the August Term, 1905, of the Superior Court of LENOIR. From a judgment for the plaintiff, the defendant appealed.

*S. W. Isler* for the plaintiff.
*T. C. Wooten* and *Shepherd & Shepherd* for the defendant.

CLARK, C. J.   There is only one exception that requires consideration.   The plaintiff erected gutters, down spouts, outlets, etc., for the appellant's house and duly filed his lien. The building of the gutters, down spouts, outlets, etc., and furnishing the material were all in the same contract, which was entire and indivisible.   The contractor is entitled to a lien for the whole amount under the "mechanic's and laborer's lien law."   Revisal, section 2016.   *Broyhill v. Gaither,* 119 N. C., 443, is exactly "on all fours."

The appellant contended that the words in the "bill of particulars" in filing the lien "158 feet gutter at 38c," "283 feet gutter at 20c," etc., showed that the lien was only for material furnished, and hence that the defendant could claim his exemptions.   But the "facts found" by the referee and approved by the judge show that the contract and lien were for the gutters, down spouts, outlets, etc., including

both work and material. The judgment is therefore superior to the homestead and personal property exemption. Const., Art. X, sec. 4.

No Error.